# EXHIBIT B

Electronically Filed
09/21/2010 10:59:01 AM

CLERK OF THE COURT

1   **ACOM**
    CAL J. POTTER, III, ESQ.
2   Nevada Bar No. 1988
    JOHN C. FUNK, ESQ.
3   Nevada Bar No. 9255
    POTTER LAW OFFICES
4   1125 Shadow Lane
    Las Vegas, Nevada 89102
5   Ph:  (702) 385-1954
    Fax: (702) 385-9081
6   *Attorneys for Plaintiff*

7                       **DISTRICT COURT**

8                   **CLARK COUNTY, NEVADA**

9
    JOYCE ZAIC,                          )   CASE NO.:   A-10-612353
10                                       )
              Plaintiff,                 )   DEPT. NO.:  XXIV
11                                       )
         v.                              )
12                                       )
    LAS VEGAS METROPOLITAN POLICE        )
13  DEPARTMENT a political subdivision of )
    the STATE OF NEVADA; DANIELLE        )
14  PIEPER, individually; B. EAGER, P#6189, )
    individually and in his official capacity as a )
15  police officer; T. FREDERICK, P#9793, )
    individually and in his official capacity as a )
16  police officer; SUNRISE              )
    MOUNTAINVIEW HOSPITAL, INC.;        )
17  NEAL, security guard for MOUNTAIN    )
    VIEW HOSPITAL; CHRISTOPHER          )
18  SIMMS, security guard for MOUNTAIN   )
    VIEW HOSPITAL; JOHN DOES I through   )
19  X, and ROE CORPORATIONS I through X, )
    inclusive;                           )
20                                       )
              Defendants.                )
21  _____ )

22                 **SECOND AMENDED COMPLAINT**

23         COMES NOW plaintiff, JOYCE ZAIC, by and through her attorneys of record, CAL J.

24  POTTER, III, ESQ. and JOHN C. FUNK, ESQ., of the law firm of POTTER LAW OFFICES, and

25  for her causes of action against each of the defendants, alleges as follows:

26  ///

27  ///

28  ///

                                    1

**PARTIES**

1.     At all relevant times mentioned herein, plaintiff JOYCE ZAIC, was and is a resident of Clark County in the State of Nevada.

2.     Defendant, SUNRISE MOUNTAINVIEW HOSPITAL, INC. (MountainView), is a corporation and at all times herein relevant was, a hospital pursuant to NRS 449, located at 3100 North Tenaya Way, conducting business in the County of Clark, City of Las Vegas, State of Nevada whose agents, servants and employees were working and acting within the course of said employment and agency relationship pursuant to Respondeat Superior.

3.     Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "LVMPD"), is a political entity formed and operated pursuant to the Nevada Revised Statutes and at all times relevant herein, employed defendant Police Officers B. EAGER, T. FREDERICK and JOHN DOE I.

4.     Defendant, DANIELLE PIEPER, is being sued in her individual capacity as a resident of Clark County, Nevada.

5.     Defendant Police Officers, EAGER, FREDERICK AND JOHN DOE I, are and were at all times relevant to this Complaint, citizens of the United States of America, and residents of the State of Nevada.  They are sued in both their official capacities as police officers with the LVMPD as well as in their individual capacities.

6.     At all times relevant herein, and in all actions described herein, defendant police Officers EAGER, FREDERICK AND JOHN DOE I were acting under the color of law and under color of authority as police offices of the LVMPD.

7.     Defendant NEAL, last name currently unknown, is and at all times relevant to this Complaint a security guard for MountainView and was a resident of Clark County, Nevada and was the agent, servant and employee of MountainView and was working and acting within the course of said employment and agency relationship pursuant to respondeat superior.

///

///

///

2

1       8.   Defendant CHRISTOPHER SIMMS, is and at all times relevant to this Complaint

2   a security guard for MountainView and was a resident of Clark County, Nevada and was the agent,

3   servant and employee of MountainView and was working and acting within the course of said

4   employment and agency relationship pursuant to respondeat superior.

5       9.   Defendant JOHN DOE II, is and at all times relevant to this Complaint a security

6   guard for MountainView and was a resident of Clark County, Nevada and was the agent, servant

7   and employee of MountainView and was working and acting within the course of said employment

8   and agency relationship pursuant to Respondeat Superior.

9       10.   Defendant JOHN DOES III through X, are employees, nurses, medical staff and

10   administrative staff members at MountainView and have knowledge of the facts and circumstances

11   set forth in the Complaint herein below.

12       11.   That the true names and capacities, whether individual, corporate, associate or

13   otherwise of the defendants herein designated as JOHN DOES I through X, and ROE

14   CORPORATIONS I through X, are unknown to plaintiff, who therefore sues said defendants by

15   such fictitious names. Plaintiff alleges that each named defendant herein designated as ROE or

16   DOE is negligently, wilfully, contractually or otherwise legally responsible for the events and

17   happenings herein referred to, and proximately cause injury and damages thereby to plaintiff, as

18   herein alleged. Plaintiff will ask leave of the court to amend this Complaint to insert the true names

19   and capacities of such defendants when same have been ascertained and will further ask leave to

20   join said defendants in these proceedings.

21       12.   Plaintiff is informed and believes and, based upon such information and belief,

22   alleges that each of the defendants herein designated as JOHN DOES I through X, and ROE

23   CORPORATIONS I through X, inclusive is, in some manner, negligently, wilfully, contractually

24   or otherwise responsible for the events, happenings, occurrences and injuries sustained by Plaintiff

25   as alleged herein. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virotek,

26   107 Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as JOHN DOES I

27   through X, and ROE CORPORATIONS I through X are unknown at the present time; however, it

28   is alleged and believed these Defendants were involved in the initiation, approval, support or

3

1   execution of the wrongful acts upon which this litigation is premised, or of similar actions directed

2   against plaintiff about which she is presently unaware which includes but is not limited to the

3   maintenance, installation, repairs and placement of a wood curtain rod and curtains inside of

4   plaintiff's rented room. As the specific identities of these parties are revealed through the course

5   of discovery, the DOE appellation will be replaced to identify these parties by their true names and

6   capacities. Reference herein to "defendant" shall mean "defendants, and each of them."

7        13.     At all times herein mentioned, all of the defendants were the agents, servants and

8   employees of each and every other defendant and were working and acting within the course of said

9   employment and agency pursuant to respondeat superior.

10                        **FACTS COMMON TO ALL CAUSES OF ACTION**

11        14.     That on or about March 21, 2008, at approximately 8:00 p.m., the plaintiff was

12   legally and lawfully upon the premises of MountainView hospital located at 3100 North Tenaya

13   Way, Las Vegas, Nevada, visiting her father Frank Zaic, deceased, who was unconscious and in

14   critical condition in the Intensive Care Unit (ICU).

15        15.     That during this time there was a standing medical order in place, and a note on the

16   door of Frank Zaic's, deceased, ICU unit 3, that stated only family members of Frank Zaic,

17   deceased, were allowed to enter the unit to visit and see Frank Zaic, deceased in the ICU;

18        16.     On the above date and time while plaintiff was under extreme emotional distress

19   over her father's critical condition defendant DANIELLE PIEPER (PIEPER), who is not a family

20   member or related to Frank Zaic, deceased, or related to any members of the Zaic family, entered

21   the ICU unit with plaintiff's brother Steven Zaic, a retired LVMPD officer, at which time the

22   plaintiff advised defendant PIEPER of the standing order that only family members could be present

23   in the ICU with Frank Zaic, deceased, who was in critical condition.

24        17.     Plaintiff asked defendant PIEPER to immediately leave the ICU room and informed

25   her that only family members were allowed but defendant PIEPER refused to leave or comply with

26   the instruction.

27   ///

28   ///

4

1    18.    That Defendant PIEPER, reasonably knew of the critical condition of Frank Zaic,

2  deceased, and when plaintiff again asked Defendant PIEPER to leave the ICU room PIEPER

3  refused and smirked/smiled at plaintiff.

4    19.    Defendant repeatedly stated to PIEPER to leave and plaintiff raised her voice which

5  prompted plaintiff's brother to grab plaintiff and an altercation to develope between plaintiff and

6  her brother at which time plaintiff's brother placed plaintiff face down on the ground and hold her

7  there until hospital staff arrived and pulled plaintiff's brother off of him.

8    20.    Plaintiff was in shock and was emotionally distraught and upset over not only her

9  father's condition but the actions of PIEPER failing to obey the instructions to leave that plaintiff

10  proceeded to gather her items to leave MountainView.  As plaintiff was walking to the elevator

11  MountainView security officers NEAL and CHRISTOPHER SIMMS and JOHN DOE II, who had

12  previously harassed and handcuffed plaintiff, on a prior occasion, followed closely behind plaintiff

13  to the elevator and began banging their handcuffs in their hands causing plaintiff to fear for her

14  safety based upon the harassing conduct and the prior occurrence.

15    21.    Plaintiff feared for her safety in being in the elevator alone with the defendant

16  security officers based upon their prior harassment so she proceeded back to her father's ICU room.

17    22.    The defendant security officers followed plaintiff back to her room and prevented

18  plaintiff from leaving. At approximately 8:19 p.m. on March 21, 2008, plaintiff called 911 to report

19  the defendant security officers were harassing her and would not let her leave her father's ICU unit.

20  Plaintiff requested an officer be dispatched to assist her and escort her to her vehicle.

21    23.    That prior to this encounter plaintiff was allowed to be on the defendants' property

22  and was allowed to be by the side of her ailing and fragile father.

23    24.    That defendant JOHN DOE III, a female, whom is alleged to be a staff member

24  and/or employee of defendant MountainView, and one of the security officers also called 911 and

25  reported plaintiff was trespassing.

26  ///

27  ///

28  ///

5

1    25.    LVMPD Officers B. EAGER, P#6189 and T. FREDERICK, P#9793 arrived at

2  MountainView and made contact with plaintiff and did not interview her or conduct an

3  investigation but immediately gave plaintiff a trespass card and escorted her outside where plaintiff

4  was instructed to wait.

5    26.    The defendant officers met with defendant PIEPER and gave PIEPER paperwork

6  in order to do a citizen arrest on plaintiff.

7    27.    That plaintiff was arrested and taken into custody and was transported and placed

8  into the Clark County Detention Center where she was released approximately 17 hours later.

9    28.    After being released from the detention center plaintiff attempted to contact

10  MountainView hospital to find out the status of her fathers condition as she was afraid if she went

11  to the hospital she would be arrested.

12    29.    Plaintiff was not informed that her father had died on March 23, 2008 as the

13  MountainView staff refused to provide her with any information even though she was identified as

14  the next of kin on her father's medical records.

15    30.    Plaintiff was charged criminally for allegations set forth by defendant PIEPER . The

16  criminal case against plaintiff was dismissed.

17                           **FIRST CAUSE OF ACTION:**

18                           **VIOLATION OF CIVIL RIGHTS**

19    31.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

20  allegations contained in Paragraphs 1 through 30 of her Complaint as though fully set forth herein.

21    32.    The defendant police officers had no warrant or probable cause for the arrest of the

22  plaintiff and had no legal cause or excuse to seize the person of the plaintiff.

23    33.    At all times during the events described above, the defendant police officers were

24  engaged in a joint venture. The individual officers assisted each other in performing the various

25  actions described and lent their physical presence and support and the authority of their office to

26  each other during the said events.

27    34.    As a direct and proximate result of the said acts of the defendant officers, the

28  plaintiff suffered the following injuries.

                                       6

1             a.     Violation of her constitutional rights under the Fourth and Fourteenth

2    Amendments of the United State Constitution to be free from an unreasonable search and seizure

3    of his person;

4             b. Loss of physical liberty;

5             c. Physical pain and suffering and emotional trauma and suffering, requiring the

6    expenditure of money for defense of the case and suffered emotional distress.

7        35.    The actions of the defendant Officers violated the following clearly established and

8    well settled federal constitutional rights of plaintiff:

9             a.     Freedom from the unreasonable seizure of his person; and

10            b.     Freedom from the use of excessive, unreasonable and unjustified force

11   against her person.

12       36.    The actions of defendant officers B. EAGER, P#6189, T. FREDERICK, P#9793

13   where taken pursuant to a de facto policy of defendant LVMPD which is implemented by police

14   officers of the said Department to summarily punish persons in an unlawful manner without

15   corroborating information and without rightful authority of law and by the use of excessive force.

16       37.    The existence of this de facto policy described above has been known to supervisory

17   and policy-making officers and officials of defendant LVMPD for a substantial period of time.

18       38.    Despite their knowledge of LVMPD'S illegal policy and practices, LVMPD'S

19   supervisory officers and policy making officers and officials, as a matter of policy, have not taken

20   steps to determine the said practices, have not disciplined or otherwise properly supervised the

21   individual officers who engaged in the said practices described above.

22       39.    That by reason of the aforesaid actions, the plaintiff was arrested, incarcerated and

23   charged with Battery. As a result, plaintiff sustained severe emotional, psychological and physical

24   injuries, mental pain and suffering and emotional distress, all of which said conditions maybe

25   permanent or disabling in nature.

26   ///

27   ///

28   ///

1    40.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff
2  experienced damages, for which she is entitled to recover, including emotional distress, medical
3  expenses, pain and suffering and is entitled to reasonable costs including but not limited to attorney
4  fees, all in excess of TEN THOUSAND DOLLARS ($10,000).

5    41.    These acts and others committed by the defendants deprived plaintiff of rights
6  secured to them, and each of them, by the Fourth and Fourteenth Amendments to the United States
7  constitution and were committed by each of the knowingly, willfully, and maliciously with the
8  intent to harm injure, vex, harass, and oppress the Plaintiffs. As a result, Plaintiffs seek punitive and
9  exemplary damages from the individual Defendants, and each of them, in an amount in excess of
10  TEN THOUSAND DOLLARS ($10,000).

11                    **SECOND CAUSE OF ACTION:**

12                    **ASSAULT AND BATTERY**

13    42.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the
14  allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

15    43.    At all times material and relevant herein, defendants B. EAGER, P#6189, T.
16  FREDERICK, P#9793 were sworn officers of defendant LVMPD.

17    44.    The aforementioned actions of defendants against plaintiff were unreasonable and
18  without justification or excuse and constituted battery by placing plaintiff under arrest and
19  unlawfully handcuffing her against her will when defendants had not observed plaintiff engaged in
20  any criminal conduct.

21    45.    At all time material and relevant herein defendant security officers were employed
22  by defendant MountainView, acting in the course and scope of their employment, and engaged in
23  conduct that threatened and caused plaintiff to fear she would be arrested or suffer physical harm
24  and/or injury by intimidating plaintiff and threatening to use handcuffs .

25    46.    As a direct and proximate result of defendants' unlawful conduct, plaintiff
26  experienced damages and is entitled to compensation for her emotional distress, medical expenses,
27  pain and suffering, and other related costs including but not limited to attorney fees, in excess of
28  TEN THOUSAND DOLLARS ($10,000).

8

47.   That the acts, conduct and behavior of defendant officers and defendant security officers as individuals were performed knowingly, intentionally, oppressively and maliciously by reason of which plaintiff is entitled to punitive damages in a sum in excess of TEN THOUSAND DOLLARS ($10,000).

### THIRD CAUSE OF ACTION:

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.   The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.   At all times material and relevant herein, defendant officers were acting within the scope and their authority as agents and officers of defendant LVMPD.

50.   At all times material and relevant herein, defendant security officers, nurses, administrative and nursing staff were acting within the scope and their authority as agents and employees of defendant MountainView.

51.   At all times material and relevant herein, defendant PIEPER was acting in concert with defendants.

52.   By their acts and omissions, defendants and each of them, intentionally inflicted emotional distress on plaintiff. These acts and omissions, which were calculated to unlawfully have the plaintiff falsely imprisoned, arrested, incarcerated and prosecuted included but were not limited to the following:

a.   The acts performed by the defendant security officers and nursing staff to confine, attempt to arrest, arrest and harass on at least two prior occasions.   As a result, plaintiff was deprived of her liberty, and was subjected to scorn, ridicule, and humiliation by those knowing of their respective detentions all to plaintiff's damages in causing unnecessary emotional distress.

b.   Defendant officer's intentional acts of failing to corroborate the aforementioned accusations and conspiring with defendants to complete and fill out a Declaration for Citizen Arrest. As result, Plaintiff was deprived of their liberty, and were subjected to scorn, ridicule, and humiliation by those knowing of their respective detention all to plaintiff's damages in causing unnecessary emotional distress.

9

1    c.    Defendant PIEPER whose intentional acts were intended to harass, humiliate,

2    ridicule and scorn plaintiff by having her arrested and engaging in conduct to prosecute plaintiff for

3    a criminal act knowing that there was insufficient evidence to prove the elements of the criminal

4    charge but moving forward with the prosecution in a vindictive and vexatious manner requiring

5    plaintiff to incur legal fees to defend against the action which was dismissed causing plaintiff

6    unnecessary emotional distress.

7    53.    As a direct and proximate cause of the conduct of the defendants and each of them

8    the plaintiffs suffered and will continue to suffer, severe emotional distress.

9    54.    Plaintiff has received counseling and medical attention as a result of defendants

10   deliberate, malicious and willful conduct in falsely imprisoning her, arresting her, violating her civil

11   rights, and in their negligent conduct.

12   55.    As a direct and proximate result of defendants' unlawful conduct, plaintiff

13   experienced damages and is entitled to compensation for her emotional distress, medical expenses,

14   pain and suffering, and other related costs including but not limited to attorney fees, in excess of

15   TEN THOUSAND DOLLARS ($10,000).

16   56.    The conduct of the defendants and each of them individually and in concert with one

17   another as herein alleged was willful, intentional, oppressive, fraudulent, malicious and done in a

18   wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of punitive

19   damages in excess of TEN THOUSAND DOLLARS ($10,000).

20                              **FOURTH CAUSE OF ACTION:**

21                              **CIVIL CONSPIRACY**

22   57.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

23   allegations contained in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

24   58.    At all times material and relevant herein, defendant officers were acting within the

25   scope of their authority as agents and officers of defendant LVMPD. Defendant security officers,

26   nurses, administrative staff were acting within the scope of their authority as agents and employees

27   of defendant MountainView.

28   ///

59.     That beginning at a time not later than March 21, 2008, defendant PIEPER, defendant security officers and staff of MountainView hospital and defendant officers and others combined, conspired, confederated, and agreed together and with each other to knowingly and willfully engage in the following acts, among others to cause harm to plaintiff:

a.      To violate Plaintiff's civil rights;

b.      to cause plaintiff to be harassed and arrested;

c.      to cause, or have plan to have caused, battery to plaintiff; and

d.      to intentionally inflict emotional distress on Plaintiff and have her prosecuted criminally.

60.     That defendants' conduct was the proximate cause of the plaintiff's suffering and damages.

61.     That as a result of defendants' conspiracy plaintiff suffered severe emotional pain and suffering in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

62.     That Defendant's actions were deliberate, wilful and done with malice. The Plaintiffs and each of them is therefore entitled to punitive damages in an amount to be proven at trial.

63.     As a direct and proximate result of defendants' unlawful conduct, plaintiff experienced damages and is entitled to compensation for her emotional distress, medical expenses, pain and suffering, and other related costs including but not limited to attorney fees, in excess of TEN THOUSAND DOLLARS ($10,000).

64.     The conduct of the defendants and each of them individually and in concert with one another as herein alleged was willful, intentional, oppressive, fraudulent, malicious and done in a wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of punitive damages in excess of TEN THOUSAND DOLLARS ($10,000).

## FIFTH CAUSE OF ACTION:

### RESPONDEAT SUPERIOR

65.     The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

///

11

1    66.    That defendant LVMPD is liable for the tortious acts of defendant police Officers

2    EAGER, FREDERICK AND JOHN DOE I under the theory of Respondeat Superior.

3    67.    That defendant MountainView is liable for the tortious acts of defendant

4    MountainView security officers NEAL and CHRISTOPHER SIMMS and JOHN DOE II, and

5    defendant nursing staff, administrative employees and agents of MountainView hospital under the

6    theory of Respondeat Superior.

7    68.    As a direct and proximate result of defendants' unlawful conduct, plaintiff

8    experienced damages and is entitled to compensation for her emotional distress, medical expenses,

9    pain and suffering, and other related costs including but not limited to attorney fees, in excess of

10   TEN THOUSAND DOLLARS ($10,000).

11                            **SIXTH CAUSE OF ACTION:**

12          **NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

13   69.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

14   allegations contained in Paragraphs 1through 69 of this Complaint as though fully set forth herein.

15   70.    The LVMPD has a duty to protect civilians.

16   71.    That defendant LVMPD breached this duty by:

17   a.    Tolerating the practice or policy of its officers' use of unreasonable and unnecessary

18   excessive force against citizens as manifested by its failure to discipline police officers who use

19   excessive force and commit batteries when making unlawful arrests;

20   b.    covering up incidents in which excessive forces, unlawful arrests, batteries are used

21   unnecessarily;

22   c.    failing to properly screen applicants who apply to become police officers in the

23   department; and

24   d.    failing to provide adequate training of its police officers.

25   72.    That MountainView hospital provides care for patients and part of that care provides

26   for standing orders on visitation rights of patients and family members and that these rights are

27   protected.

28   73.    That defendant MountainView breached this duty by:

12

1      a.    Failing to screen visitors to plaintiff's father's ICU unit, failing to prevent defendant

2  PIEPER from entering the ICU unit when there were orders posted on the door and in the plaintiff's

3  father's medical charts forbidding anyone but family members to visit with the plaintiff's father;

4      b.    Hiring and retaining security officers and staff and failing to properly train or

5  discipline them on false imprisonment, harassment, wrongful arrest, trespass and engaging in

6  general conduct that is meant to harass and be vexatious;

7      c.    failing to properly screen applicants who apply to become security officers at the

8  hospital; and

9      d.    failing to provide adequate training to staff members and security officers.

10     74.    As a direct and proximate result of Defendants unlawful conduct, Plaintiffs

11  experienced damages and are entitled to compensation for their pain and suffering, emotional

12  distress and other related costs including but not limited to attorney fees, in excess of TEN

13  THOUSAND DOLLARS ($10,000).

14                              **SEVENTH CAUSE OF ACTION:**

15              **UNLAWFUL ARREST AND FALSE IMPRISONMENT**

16     75.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

17  allegations contained in Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

18     76.    Defendants at all times herein mentioned were the agents and employees of their

19  respective codefendants and in doing these things hereinafter alleged were acting within the course

20  and scope of the agency and with the permission and consent of their codefendants.

21     77.    On or about March 21, 2008, MountainView defendants forced plaintiff into her

22  father's ICU unit, where plaintiff was forced to call 911 to assist her for a period of approximately

23  10-15 minutes and prohibited her from leaving until the police defendants arrived who seized

24  plaintiff forcibly, against plaintiff's will, and without her consent and over her protest.

25     78.    Immediately prior to the acts of the defendants herein alleged, plaintiff had been on

26  the premises, upon which defendants had knowledge, and she was peacefully walking to the

27  elevator at MountainView hospital in Clark County Nevada. Plaintiff had not committed any crime

28  against defendant or anyone else, and defendant knew of plaintiff's innocence.

79.     Despite having this knowledge MountainView and their employees made non verbal threatening gestures to place plaintiff under arrest, by stalking plaintiff and by imprisoning plaintiff in the ICU unit where plaintiff's ailing father was in critical condition defendants acted with deliberate malice and reckless disregard where plaintiff was held against her will.

80.     MountainView defendants also placed a call to 911 and falsely reported that plaintiff was trespassing even though they were aware and had knowledge that she was on the premises and did not attempt to contact the police prior to the altercation between plaintiff and plaintiff's brother.

81.     That defendant security officers and defendant PIEPER contacted LVMPD in order to attempt to arrest plaintiff and when the defendant officers from the LVMPD arrived at MountainView they seized and arrested plaintiff and detained plaintiff and restrained her against her will and over her protest, without any warrant of arrest or any process of any kind and without any justification or cause to believe that plaintiff had committed any crime.

82.     After defendant had seized and arrested plaintiff as herein alleged, defendants caused plaintiff to be taken into custody and compelled to enter the police car and to be taken to jail and imprisoned against her will for a period of approximately 17 hours.

83.     That defendants personally swore to and caused to be filed in Municipal Court of the City of Las Vegas, County of Clark, State of Nevada, a criminal complaint and made a part hereof, against plaintiff, charging plaintiff with a violation of battery against defendant PIEPER. The complaint, as sworn to and filed by the defendant, was wholly false.  In fact, plaintiff had committed no misdemeanor and no misdemeanor had actually been committed at all.

84.     Defendant in causing the arrest and imprisonment of plaintiff as herein alleged, acted with deliberate malice and oppression and without probable cause.

85.     As a proximate result of the acts of defendants herein alleged, plaintiff was compelled to secure the services of an attorney at law to appear for arraignment and trial in the City of Las Vegas, and by virtue thereof, plaintiff is indebted and liable for attorneys fees.

86.     As a proximate result of the acts of defendants, and each of them, plaintiff was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, and among others sustained severe emotional distress, all of which

14

1  injuries have caused plaintiff to suffer extreme and severe physical pain and mental anguish. These

2  injuries will likely result in some permanent disability to plaintiff all to her general damages in an

3  amount in excess of TEN THOUSAND DOLLARS ($10,000).

4      87.    As a direct and proximate result of defendants' unlawful conduct, plaintiff

5  experienced damages and is entitled to compensation for her emotional distress, medical expenses,

6  pain and suffering, and other related costs including but not limited to attorney fees, in excess of

7  TEN THOUSAND DOLLARS ($10,000).

8      88.    The conduct of the defendants and each of them individually and in concert with one

9  another as herein alleged was willful, wanton, intentional, oppressive, fraudulent, malicious and

10  done in a wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of

11  punitive damages in excess of TEN THOUSAND DOLLARS ($10,000).

12                    **EIGHTH CAUSE OF ACTION:**

13                    **MALICIOUS PROSECUTION**

14      89.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

15  allegations contained in Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

16      90.    On or about April 17, 2008 in Clark County Nevada the defendants caused to be

17  filed a criminal complaint with the Las Vegas Municipal Court, Case number C0714069A, through

18  deputy district attorney Martin G. Orsinelli. The complaint accused plaintiff of the crime of battery

19  a misdemeanor. Plaintiff was arrested on March 21, 2008, detained in custody, charged by

20  information with committing that crime and the matter proceeded to trial.

21      91.    Defendants acted without probable cause in initiating the prosecution of plaintiff in

22  that they did not honestly, reasonably, and in good faith believe plaintiff to be guilty of the crime

23  charge because defendant PIEPER did not see plaintiff hit or strike her and the altercation in the

24  room was between plaintiff and her brother.

25      92.    Defendant PIEPER and defendant officers acted with malice in instigating the

26  criminal prosecution against plaintiff with an improper motive to annoy, harass and wrong plaintiff.

27      93.    As a proximate result of the criminal prosecution initiated by defendants, plaintiff

28  has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

15

1       94.    As a further proximate result of the criminal prosecution so initiated by defendants,

2    plaintiff incurred costs and attorneys fees in an amount in excess of FIVE THOUSAND DOLLARS

3    ($5,000) in defending against the prosecution.

4       95.    Defendants' acts were willful, wanton, malicious, and oppressive in that defendant

5    PIEPER became upset with plaintiff for ordering defendant out of the plaintiff's father's room and

6    defendant ignoring the requests and smirking/smiling at plaintiff, knowing the critical condition of

7    plaintiff's father and observing her emotional distressed condition as a result of his condition and

8    PIEPER being present in the room, in defiance of the order to leave the room as ordered by the

9    medical providers and as posted on the ICU unit room of plaintiff's father's door.

10       96.    That defendants were unable to prove all of the elements at the time of trial and the

11    criminal case against plaintiff was dismissed.

12       97.    That defendants conducting in prosecuting this case amounts to malicious

13    prosecution.

14       98.    As a proximate result of the acts of defendants, and each of them, plaintiff was

15    injured in her health, strength, and activity, sustaining injury to her body and shock and injury to

16    her nervous system and person, and among others sustained severe emotional distress, all of which

17    injuries have caused plaintiff to suffer extreme and severe physical pain and mental anguish. These

18    injuries will likely result in some permanent disability to plaintiff all to her general damages in an

19    amount in excess of TEN THOUSAND DOLLARS ($10,000).

20       99.    As a direct and proximate result of defendants' unlawful conduct, plaintiff

21    experienced damages and is entitled to compensation for her emotional distress, medical expenses,

22    pain and suffering, and other related costs including but not limited to attorney fees, in excess of

23    TEN THOUSAND DOLLARS ($10,000).

24                               **PRAYER FOR RELIEF**

25       WHEREFORE, Plaintiff, reserving her right to amend this Complaint at the time of

26    trial, demands judgment against Defendants, and each of them, jointly and severally as follows:

27    AS TO THE FIRST CAUSE OF ACTION:

28       1.    That defendants, be found liable for violating plaintiff's civil rights.

16

2.      That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

3.      That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

4.      For attorney's fees and costs;

5.      For prejudgment interest; and

6.      For such other and further relief as the Court deems just and proper in this matter.

AS TO THE SECOND CAUSE OF ACTION:

7.      That defendants, be found liable to plaintiff for Assault and Battery.

8.      That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

9.      That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

10.     For attorney's fees and costs;

11.     For prejudgment interest; and

12.     For such other and further relief as the Court deems just and proper in this matter.

AS TO THE THIRD CAUSE OF ACTION:

13.     That defendants be found liable to plaintiff for Negligent and Intentional Infliction of Emotional Distress;

14.     That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

15.     That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

16.     For attorney's fees and costs;

17.     For prejudgment interest; and

17

18.   For such other and further relief as the Court deems just and proper in this matter.

AS TO THE FOURTH CAUSE OF ACTION:

19.   That Defendants be found liable to Plaintiffs for **CIVIL CONSPIRACY**;

20.   That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

21.   That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

22.   For attorney's fees and costs;

23.   For prejudgment interest; and

24.   For such other and further relief as the Court deems just and proper in this matter.

AS TO THE FIFTH CAUSE OF ACTION:

25.   That Defendant MountainView, Clark County and LVMPD be found liable to plaintiff for Respondent Superior, for the acts of their agents, employees, officers who were acting within the course and scope of their employment with their respective codefendant;

26.   That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

27.   That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

28.   For attorney's fees and costs;

29.   For prejudgment interest; and

30.   For such other and further relief as the Court deems just and proper in this matter.

AS TO THE SIXTH CAUSE OF ACTION:

31.   That defendants be found liable to plaintiff for Negligence, Negligent Hiring, Training and Supervision;

32.   That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

18

1    33.    That defendants actions were done deliberately, wilfully and maliciously and

2    therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against

3    defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

4    34.    For attorney's fees and costs;

5    35.    For prejudgment interest; and

6    36.    For such other and further relief as the Court deems just and proper in this matter.

7    AS TO THE SEVENTH CAUSE OF ACTION:

8    37.    That defendants be found liable to plaintiff for unlawful arrest and false

9    imprisonment;

10    38.    That plaintiff be awarded compensatory and general damages in excess of TEN

11    THOUSAND DOLLARS ($10,000);

12    39.    That defendants actions were done deliberately, wilfully and maliciously and

13    therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against

14    defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

15    40.    For attorney's fees and costs;

16    41.    For prejudgment interest; and

17    42.    For such other and further relief as the Court deems just and proper in this matter.

18    AS TO THE EIGHTH CAUSE OF ACTION:

19    43.    That defendants be found personally liable for the malicious prosecution of plaintiff.

20    44.    That plaintiff be awarded compensatory and general damages in excess of TEN

21    THOUSAND DOLLARS ($10,000);

22    45.    That defendants actions were done deliberately, wilfully and maliciously and

23    therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against

24    defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

25    ///

26    ///

27    ///

28    ///

19

46.   For attorney's fees and costs;

47.   For prejudgment interest; and

48.   For such other and further relief as the Court deems just and proper in this matter.

DATED this 21ˢᵗ day of September, 2010.

POTTER LAW OFFICES

By  /s/ John C. Funk, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
1125 Shadow Lane
Las Vegas, Nevada  89102
*Attorneys for Plaintiff*

20