MARQUIS & AURBACH
CRAIG R. ANDERSON, ESQ.
Nevada Bar No. 6882
JOSHUA L. BENSON, ESQ.
Nevada Bar No. 10514
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@marquisaurbach.com
jbenson@marquisaurbach.com
   Attorneys for Defendants LVMPD, Eager & Frederick

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

| | |
|---|---|
| JOYCE ZAIC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the STATE OF NEVADA; DANIELLE PIEPER, individually; B. EAGER, P#6189, individually and in his official capacity as a police officer; T. FREDERICK, P#9793, individually and in his official capacity as a police officer; SUNRISE MOUNTAIN VIEW HOSPITAL, INC.; NEAL, a security guard for MOUNTAIN VIEW HOSPITAL; CHRISTOPHER SIMMS, security guard for MOUNTAIN VIEW HOSPITAL; JOHN DOES I through X and ROE INSTITUTIONS I through X, inclusive,<br><br>                    Defendants. | Case No:   2:10-cv-01814-PMP-LRL |

**<u>DEFENDANTS LAS VEGAS METROPOLITAN POLICE DEPARTMENT, B. EAGER AND T. FREDERICK'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendants Las Vegas Metropolitan Police Department, B. Eager and T. Frederick ("Answering Defendants"), by and through their counsel, Marquis & Aurbach, hereby answers Plaintiff's Second Amended Complaint on file herein, admits, denies and alleges as follows:

/ / /

/ / /

## PARTIES

1. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 1 through 12 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

2. These Answering Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Second Amended Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

3. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 14 through 24 and 27 through 30 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

4. These Answering Defendants deny the allegations contained in paragraph 25 and 26 of the Plaintiff's Second Amended Complaint.

## FIRST CAUSE OF ACTION:

## VIOLATION OF CIVIL RIGHTS

5. In response to Paragraph 31 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 30 as though fully set forth herein.

6. In answering paragraphs 32 through 41 of Plaintiff's Second Amended Complaint, these Answering Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION

## ASSAULT AND BATTERY

7. In response to Paragraph 42 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 41 as though fully set forth herein.

8. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 45 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

9. In answering paragraph 43 of Plaintiff's Second Amended Complaint, these Answering Defendants admit the allegations contained therein.

10. In answering paragraphs 44, 46 and 47 of Plaintiff's Second Amended Complaint, these Answering Defendants deny the allegations contained therein.

### THIRD CAUSE OF ACTION

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. In response to Paragraph 48 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 47 as though fully set forth herein.

12. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 49 and 50 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

13. These Answering Defendants deny the allegations contained in paragraphs 51 through 56 of Plaintiff's Second Amended Complaint.

### FOURTH CAUSE OF ACTION

### CIVIL CONSPIRACY

14. In response to Paragraph 57 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 56 as though fully set forth herein.

15. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 58 and of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

16. These Answering Defendants deny the allegations contained in paragraphs 59 through 64 of the Plaintiff's Second Amended Complaint.

### FIFTH CAUSE OF ACTION

### RESPONDEAT SUPERIOR

17. In response to Paragraph 65 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 64 as though fully set forth herein.

18. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 67 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:05166-451 1166779_1.DOC 10/27/2010 3:38 PM

19. These Answering Defendants deny the allegations contained in paragraph 66 and 68 of the Plaintiff's Second Amended Complaint

## SIXTH CAUSE OF ACTION

## NEGLIGENCE, NEGLIGENT HIRING, TRAINING AND SUPERVISION

20. In response to Paragraph 69 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 68 as though fully set forth herein.

21. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 72 and 73 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

22. These Answering Defendants admit the allegations contained in paragraph 70 of the Plaintiff's Second Amended Complaint.

23. These Answering Defendants deny the allegations contained in paragraphs 71 and 74 of Plaintiff's Second Amended Complaint.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL ARREST AND FALSE IMPRISONMENT

24. In response to Paragraph 75 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 74 as though fully set forth herein.

25. These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 79 and 80 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

26. These Answering Defendants deny the allegations contained in paragraphs 76 through 78, and 81 through 88 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

## EIGHTH CAUSE OF ACTION

## MALICIOUS PROSECUTION

27. In response to Paragraph 89 of Plaintiff's Complaint, Defendant repeats its responses to Paragraphs 1 through 88 as though fully set forth herein.

28. These Answering Defendants are without sufficient knowledge to form an opinion

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

as to the truth of Plaintiff's allegations contained in paragraphs 90 and 96 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

29. These Answering Defendants deny the allegations contained in paragraphs 91 through 95 and 97 through 99 of the Plaintiff's Second Amended Complaint, and therefore deny the remaining allegations.

30. Any Paragraph not responded to is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's suit fails to state a claim for relief as they failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants did not enact or promulgate any policy, statute, ordinance or custom, policy or procedure which denied or abridged any of the Plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

The damages sustained by the Plaintiff, if any, were caused by the acts of third persons who were not agents, servants, or employees of Answering Defendants and who were not acting on behalf of Answering Defendants in any manner or form, and, as such, Answering Defendants are not liable in any manner to the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The complained of acts of Answering Defendants were justified and privileged under the circumstances.

### FIFTH AFFIRMATIVE DEFENSE

At all times mentioned in Plaintiff's Complaint, Answering Defendants acted in good faith belief that their actions were legally justifiable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint concerns a discretionary function of Answering Defendants for which this Answering Defendants are immune.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims of constitutional violations are unsupported in both fact and law, as Plaintiff has not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's causes of actions against Answering Defendants sound in negligence, no recovery can be predicated upon 42 USCA § 1983.

### NINTH AFFIRMATIVE DEFENSE

Any injuries allegedly sustained by Plaintiff were the result of her own negligence and/or actions.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Tenth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not timely notify Answering Defendants of their state law tort claims. They are barred under NRS 41.036(2).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud. Plaintiff is not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the Answering Defendants' supervisors, directors or managing agents committed the alleged malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

M&A:05166-451 1166779_1.DOC 10/27/2010 3:38 PM

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims, and each of them are barred by Plaintiff's failure to plead those claims with particularity.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants have not been negligent and have not breached their duty to properly train or supervise the conduct of its employees with whom Plaintiff interacted.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage as a result of the Answering Defendants' conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These Answering Defendants' actions were not extreme or outrageous.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These Answering Defendants reserve the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

WHEREFORE, these Answering Defendants pray for judgment as follows:

1.  That Plaintiff takes nothing by virtue of her Second Amended Complaint on file herein, that the same be dismissed with prejudice;

2.  For an award of reasonable attorneys fees and costs of suit incurred in the defense of this action; and

3.  For such other and further relief as this Court may deem just and proper in the premises.

Dated this 27th day of October, 2010.

MARQUIS & AURBACH

By _____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Joshua L. Benson, Esq.
Nevada Bar No. 10514
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Eager & Frederick

M&A:05166-451 1166779_1.DOC 10/27/2010 3:38 PM