MICHAEL E. PRANGLE, ESQ.
Nevada Bar No.: 8619
CASEY W. TYLER, ESQ.
Nevada Bar No. 9706
HALL PRANGLE & SCHOONVELD, LLC
777 N. Rainbow Blvd., Ste. 225
Las Vegas, NV 89107
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
mprangle@hpslaw.com
ctyler@hpslaw.com
*Attorneys for Defendants*
*Sunrise Mountain View Hospital, Inc., d/b/a*
*Mountain View Hospital, Neal Millot and Christopher Simms*

# UNITED STATES DISTRICT COURT

## STATE OF NEVADA

| | |
|---|---|
| JOYCE ZAIC, | CASE NO. 2:10-cv-01814-PMP-LRL |
| Plaintiffs, | |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the STATE OF NEVADA; DANIELLE PIEPER, individually; B. EAGER, P#6189, individually and in his official capacity as a police officer; T. FREDERICK, P#9793, individually and in his office capacity as a police officer; SUNRISE MOUNTAINVIEW HOSPITAL, INC.; NEAL, security guard for MOUNTAINVIEW HOSPITAL; CHRISTOPHER SIMMS, security guard for MOUNTAINVIEW HOSPITAL; JOHN DOES I through X, and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT**

...
...

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Defendants, by and through their attorneys of record, the law firm of HALL PRANGLE & SCHOONVELD, LLC, hereby files this Motion to Dismiss and for Partial Summary Judgment pursuant to FRCP 12(b)(5) and FRCP 56.

This Motion is made and based upon the pleadings, the Memorandum of Points and Authorities that follows, and any oral argument of counsel that may be heard at the time of hearing of this motion.

DATED this 18th day of November, 2010.

HALL PRANGLE & SCHOONVELD, LLC

By:     /s/: Casey W. Tyler, Esq.
        MICHAEL E. PRANGLE, ESQ.
        Nevada Bar No.: 8619
        CASEY W. TYLER, ESQ.
        Nevada Bar No. 9706
        HALL PRANGLE & SCHOONVELD, LLC
        777 N. Rainbow Blvd., Ste. 225
        Las Vegas, NV  89107
        (702) 889-6400 – Office
        (702) 384-6025 – Facsimile
        mprangle@hpslaw.com
        ctyler@hpslaw.com
        *Attorneys for Defendants*
        *Sunrise Mountain View Hospital, Inc., d/b/a*
        *Mountain View Hospital, Neal Millot and Christopher Simms*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The foregoing motion asks for the following relief:

1.    Dismissal as to Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms with regard Plaintiff's malicious prosecution cause of action;

2.      Dismissal as to Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms with regard Plaintiff's False Imprisonment cause of action; and

3.      Dismissal as to Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms with regard Plaintiff's battery cause of action.

As the argument below shows, there are not sufficient allegations to support Plaintiff's Malicious Prosecution, False Imprisonment, or Battery causes of action against Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms.  The Defendants motion should be granted in its entirety.

## II.

## STATEMENT OF FACTS

This matter arises from an incident that allegedly occurred on March 21, 2008, involving Plaintiff Joyce Zaic (hereinafter Plaintiff), her brother Steve Zaic, and Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms (hereinafter Defendants) at Mountain View Hospital in Las Vegas, Nevada where her father was in the intensive care unit.

On several occasions leading up to the subject incident, Plaintiff was involved in numerous arguments with Defendants' staff and displayed several instances of erratic behavior. The first of such events occurred on March 5, 2008, where Plaintiff became upset and began yelling at Defendants' staff and security was notified.  See Patient notes dated March 5, 2008, hereinafter Exhibit "A", intentionally left blank but available for this Courts review at hearing due to HIPPA concerns.  Two days later, Plaintiff was accused of "Larceny from Person", when

she allegedly stole a cell phone from her brother and refused to return it.  See Incident report

dated March 7, 2008, hereinafter Exhibit "B".  Then on March 9, 2008, Plaintiff refused to leave

her father's room and was instructed that she would have to leave the hospital if she could not

follow instructions from the hospital staff.  See Patient notes dated March 9, 2008, hereinafter

Exhibit "C", intentionally left blank but available for this Courts review at hearing due to HIPPA

concerns.  The behavior became so outrageous that the nursing staff was forced to limit

Plaintiff's visiting hours and only allow her to visit for 5 minutes at a time.  See correspondence

dated March 12, 2008, hereinafter Exhibit "D".  Less than one week later, Plaintiff was again

yelling at the nursing staff so loudly that it was heard by other visitors of the hospital.  See

Patient notes dated March 15, 2008, hereinafter Exhibit "E", intentionally left blank but available

for this Courts review at hearing due to HIPPA concerns.    Plaintiff was again escorted out of

the building on March 17, 2008.  See Risk Management Report dated March 17, 2008,

hereinafter Exhibit "F".  Finally, Plaintiff was formally trespassed by Metro Police and banned

from the hospital.  In the event Plaintiff returned, the staff was advised not to confront Plaintiff

and to call the police immediately.  See correspondence dated March 18, 2008, hereinafter

Exhibit "G".

On the date in question, Plaintiff was visiting her father Frank Zaic, who was being

treated at Mountain View.  Her brother Steven Zaic and his girlfriend, Defendant Danielle Pieper

(hereinafter Pieper), were there as well.  According to Plaintiff's complaint, Plaintiff demanded

that Pieper leave the room in accordance with a standing order that only family members be

present in the ICU.  See Plaintiff's Amended Complaint, Hereinafter Exhibit "H".  Plaintiff and

Piper began to argue at which point, Plaintiff and Steven Zaic allegedly became involved in a

physical altercation requiring security to become involved.  *Id*.  According to Plaintiff, she began

to leave the hospital; however, due to the many previous instances involving Plaintiff, discussed above, Defendants followed Plaintiff to ensure that she left the building. In fact, Plaintiff never alleges that Defendants made any physical contact with her only that they followed closely behind her. *Id.* Plaintiff, instead of leaving the premises, returned to the ICU. *Id.* Defendants then called the police to report the incident. Upon arrival, the police arrested Plaintiff and transported her to the Clark County Detention Center. *Id.*

Based upon the foregoing, Plaintiff filed an Amended Complaint on May 11, 2010, against Defendants, Sunrise Mountain View Hospital, Inc., d/b/a Mountain View Hospital, Neal Millot and Christopher Simms alleging Malicious Prosecution, False Imprisonment and Battery among other causes of action. Defendants now bring the instant Motion to Dismiss.

### III.

### ARGUMENT

A.    Dismissal/Summary Judgment is appropriate for a portion of Plaintiff's claims against Defendants.

**1.    Standard of review.**

The purpose of the summary judgment procedure is to obviate trials when they would serve no useful purpose. Short v. Riviera, Inc. 79 Nev. 94, 378 P.2d 979 (1963); Corey v. Hom 80 Nev. 39, 389 P.2d 76 (1964). It does not involve resolution of factual issues, but seeks to discover if any real issue of fact exists. Daugherty v. Wabash Life Insurance Co. 87 Nev. 32, 482 P.2d 814 (1971). Summary judgment proceedings pierce the formality of the pleadings and test whether, based on the uncontroverted facts, one party is entitled to judgment as a matter of law. Dredge Corp. v. Husite Co. 78 Nev. 69, 369 P.2d 676 *cert. denied* 371 U.S. 821 (1962); Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574 (1986). A party seeking

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

summary judgment must satisfy two (2) substantive requirements: (1) There must be no genuine issue as to any material fact; and (2) The moving party must be entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247 (1985).  A material fact is one which will affect the outcome of the action.  Id. at 248.

### 2.   A cause of action for malicious prosecution must be brought against the state and is not tenable against any of the named Defendants.

The Plaintiff's cause of action for malicious prosecution has no support under Nevada law.  If MountainView instituted its own civil suit against Plaintiff, there perhaps would be sufficient factual questions so as to survive summary judgment.  In the instant case, however, the Plaintiff's prosecution was instituted by the city, which is not a party and which would likely be immune from such cause of action.

> Almost always, a malicious prosecution plaintiff is the defendant in a civil action. However, there are circumstances in which a party that was not named in the underlying proceeding may sue for malicious prosecution. For example, a person may bring a malicious prosecution claim against an attorney who initiated an incompetency proceeding, even though that person was not named in the proceeding, presumably for his own good. Laird v. Potter, 367 So.2d 642 (Fla. Dist. Ct. App. 3d Dist. 1979). An infant who was the subject of an adoption proceeding may bring a malicious prosecution suit, despite the fact that she was not named in the official record of the proceeding. Rushing v. Bosse, 652 So. 2d 869 (Fla. Dist. Ct. App. 4th Dist. 1995).
>
> The right to bring a malicious prosecution claim is personal to the individual injured by the underlying proceeding. Hart v. O'Malley, 544 Pa. 315, 676 A.2d 222 (1996). Spouses and parents of those injured by malicious proceedings are not permitted to recover separately from the individual actually harmed. Hart v. O'Malley, 544 Pa. 315, 676 A.2d 222 (1996). Thus, relatives who pursue a suit on an infant's behalf may not bring separate actions in their own names. Rushing v. Bosse, 652 So. 2d 869 (Fla. Dist. Ct. App. 4th Dist. 1995).

32 Causes of Action 2d 131 (Originally published in 2006).

In a situation such as that presented, Nevada law contemplates that the proper party for a malicious prosecution action is the city, not any of the moving Defendants.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

The following elements must be satisfied to establish a prima facie case of malicious prosecution: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage. Chapman v. City of Reno, 85 Nev. 365, 369, 455 P.2d 618, 620 (1969).

Want of probable cause is judged by an objective test as set forth by the California Supreme Court in Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 254 Cal.Rptr. 336, 765 P.2d 498, 511 (1989); see also Dutt v. Kremp, 111 Nev. 567, 573, 894 P.2d 354, 358 (1995). Under this test, it is for the court to decide whether a reasonable attorney would have considered the prior action legally tenable-ignoring any subjective factors such as the attorney's expertise and belief. Dutt, 111 Nev. 567 at 573-74, 894 P.2d at 358.

In addition to being improper parties to such a cause of action, in instances where the person bringing the malicious prosecution claim was trespassing on the Defendants property probable cause has been found to exist for such prosecution regardless.

In light of our finding that an easement by prescription did not exist as to the route running by his home from the access road to the sand trap, it follows that Jordan, at least technically, had probable cause to charge Bailey with trespass. (Our finding compels the conclusion that Bailey had no right to walk across the Jordan property near the Jordan home.) Further, even if we were to uphold the easement, the lack of any prior record of it and the fact that the easement had not been judicially recognized as of the alleged trespass incident would satisfy the probable cause requirement.

Under the objective standard articulated in Sheldon Appeal, we hold that a reasonable attorney would have found legally tenable grounds to charge Bailey with criminal trespass. Accordingly, we conclude that the district court erred in finding that Jordan was liable for malicious prosecution of Bailey.

Jordan v. Bailey 113 Nev. 1038, 1047-1048, 944 P.2d 828, 834 - 835 (1997).

Plaintiff's allegations do not support a claim for Malicious Prosecution against the Defendants. First, based upon Plaintiff's continuous and outrageous behavior, she was reported to the police and banned from the facility on March 18, 2008, three days before the subject incident. Exhibit G. Similarly to *Jordan*, Defendants had probable cause to charge Plaintiff with Trespass, therefore satisfying the probable cause requirement. Moreover, Defendants clearly lacked any malice in reporting Plaintiff to the police. In fact, Defendants gave Plaintiff

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

numerous opportunities to follow the hospital's policies and act in a reasonable manner.  As stated above, Plaintiff had disrupted visitors of the hospital and was abusive to the staff on numerous occasions.  Defendants attempted to deal with the problem by altering Plaintiff's visiting hours and asking her to cooperate with the staff.  After her apparent refusal to do so, they were forced to notify authorities.  There was no malice in their actions, and Plaintiff's actions were detrimental to their patients and visitors.  There is no basis for this cause of action and summary judgment is appropriate as a matter of law.

3.    **Plaintiff's cause of action for false imprisonment must be dismissed because Defendants had probable cause.**

"False imprisonment is a restraint of one's liberty without any sufficient cause therefore". Lerner Shops of Nev., Inc. v. Marin, 83 Nev. 75, 423 P.2d 398 (1967).  However, it is well established that one may detain a person where probable cause exists to do so, so long as the detention is reasonable.  See, Collyer v. S.H. Kress & Co., 5 Cal.2d 175, 180-181, 54 P.2d 20 (1936) (Merchants who detain individuals whom they have probable cause to believe are about to injure their property are privileged against a false imprisonment action.), Id. (Where a defendant had probable cause to believe that the plaintiff was about to injure defendant in his person or property, even though such injury would constitute but a misdemeanor, that probable cause is a defense, provided, of course, that the detention was reasonable.).  "What is probable cause, as has been often announced, is not a question of fact for the jury, but one of law for the court, to be decided in accordance with the circumstances at the time of the detention, unhampered by the outcome of the charge against the plaintiff of the public offense or by the conclusions of the trial court." Davis v. Pacific Tel., etc., Co., 127 Cal. 312, 320, 57 P. 764, 59 P. 698; Mackie v. Ambassador Hotel, etc., Corporation, 123 Cal.App. 215, 11 P.(2d) 3; Allen v.

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

McCoy, 135 Cal.App. 500, 27 P.(2d) 423, 28 P.(2d) 56; Van Fleet v. West American Ins. Co., 5 Cal.App.(2d) 125, 42 P.(2d) 378, 43 P.(2d) 557.

Even assuming Plaintiff's allegation that Defendants would not let her leave the ICU, her claims do not support the cause of action for False Imprisonment.  Plaintiff was a trespasser on the property.  She had been removed from the premises on prior occasions and was given a trespass card from the police prior to the subject action.  Even if she were allowed on the premises on the date in question, she clearly became a trespasser at the point she was yelling and involved herself in a physical altercation.  This provided Defendants with probable cause to detain Plaintiff until the police could arrive and safely remove her from the property.

Additionally, if Defendants did in fact prevent Plaintiff from leaving, the detention was clearly reasonable.  Plaintiff had a long history of disturbing other visitors, yelling and becoming belligerent with staff, and refusing to follow the policies of the hospital.  On this occasion her behavior escalated to the point that she was involved in a physical altercation.  Defendants were justified in detaining Plaintiff until police could arrive to safely escort her from the hospital. Defendants' Motion to Dismiss the claim of False Imprisonment should also be granted.

4.   **Plaintiff's cause of action for battery must be dismissed because Defendants made no contact with Plaintiff.**

NRS 200.400(a) defines battery as any willful and unlawful use of force or violence upon the person of another.  Thus, to sustain a claim for Battery, defendant must have caused a physical touching upon Plaintiff.  In the instant case, Plaintiff never alleges that Defendants made any contact with her or used force of any kind.  Plaintiff states that Defendants "followed closely behind Plaintiff to the elevator and began banging their handcuffs in their hands…" Exhibit H.  "Defendant security officers followed plaintiff back to her room…" Id.  Throughout

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400   FACSIMILE: 702-384-6025

Plaintiff's complaint, it is clear that she never alleges that Defendants made contact with her.  In fact, Defendants were under orders to not make contact with her but to instead notify the police, which is exactly what they did.  Based upon the lack of any physical contact upon Plaintiff, Defendants' Motion to Dismiss Plaintiff's allegation of Battery should be granted.

## IV.

## **CONCLUSION**

Defendants ask that the claims for Malicious Prosecution, False Imprisonment and Battery be granted as shown necessary by the arguments made herein above.

DATED this 18th day of November, 2010.

HALL PRANGLE & SCHOONVELD, LLC

By:    /s/: Casey W. Tyler, Esq.
         MICHAEL E. PRANGLE, ESQ.
         Nevada Bar No.: 8619
         CASEY W. TYLER, ESQ.
         Nevada Bar No. 9706
         HALL PRANGLE & SCHOONVELD, LLC
         777 N. Rainbow Blvd., Ste. 225
         Las Vegas, NV  89107
         (702) 889-6400 – Office
         (702) 384-6025 – Facsimile
         mprangle@hpslaw.com
         ctyler@hpslaw.com
         *Attorneys for Defendants*
         *Sunrise Mountain View Hospital, Inc., d/b/a*
         *Mountain View Hospital, Neal Millot and Christopher Simms*

…

…

…

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of HALL PRANGLE & SCHOONVELD; that service of the foregoing **DEFENDANTS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT** was made on the 18th day of November, 2010 via U.S. Mail, first class postage pre-paid to the following parties at their last known address:

Cal J. Potter, III, Esq.
Nevada Bar NO. 1988
John C. Funk, Esq.
Nevada Bar No. 9255
Potter Law Offices
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

Craig R. Anderson, Esq.
Marquis & Dubach
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Las Vegas Metropolitan Police Department;*
*Officer B. Eager, #6189 and*
*Officer T. Frederick, #9793*

Richard E. Tanasi, Esq.
Christiansen Law Offices
9910 West Cheyenne Avenue, Suite 110
Las Vegas, Nevada 89129
*Attorneys for Danielle Pieper*


/s/: Audrey Ann Stephanski
An employee of HALL PRANGLE & SCHOONVELD, LLC

4824-5827-0983, v. 1

HALL PRANGLE & SCHOONVELD, LLC
777 N. RAINBOW BOULEVARD, SUITE 225
LAS VEGAS, NEVADA 89107
TELEPHONE: 702-889-6400    FACSIMILE: 702-384-6025

# EXHIBIT A

# EXHIBIT A

# EXHIBIT B

# EXHIBIT B

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
**INCIDENT REPORT**

Page 1 of 4

Event # 080307-2400

Specific Crime(s): LARCENY FROM PERSON

Attempt ☐  City ☑  ☑ FLD  ☐ TELE  ☐ STA   Sect/Beat
☐ County  ☐ City   ☐ M  ☐ GM  ☐ F   V6

Location of Incident: (Number & Street)  3100 N TENAYA   Bldg. # Apt. #   City LV   State NV   Zip Code 89128

Occurred:
| | Month | Day | Year | Day/Wk | Time |
|---|---|---|---|---|---|
| | 3 | 7 | 08 | FRI | 1575 |

Report Taken:
| Month | Day | Year | Time |
|---|---|---|---|
| 3 | 7 | 08 | 1710 |

Bias Crime Y (N)   Gang Related Y (N)   Substance Abuse Y N

On / Btwn   155D

Citzn Advsd Follow-Up Y (N) N/P   Connecting Reports VDL

If Arrest was made, name Arrestee(s) on appropriate page and place # of Arrestees in box   Y N

P # 8464   Reporting Officer D. SALGADO   Squad NW32   Follow-Up Y N

Was there a witness? ☑ Victim ☐ Other   Y N

| Question | Y | N |
|---|---|---|
| Can suspect be named? | | X |
| Can suspect be located? | | X |
| Can suspect be described? | | X |
| Can suspect be identified? | | X |

| Question | Y | N |
|---|---|---|
| Can suspect vehicle be identified? | | X |
| Is stolen property traceable? (identifiable?) | | X |
| Is there physical evidence present? | X | |
| Is there significant M.O.? | | X |
| Criminalistics work performed? | | X |

P #   Reporting Officer   Squad
P #   Supervisor Approving Report   Follow-Up Y N
P #   I.D. Specialist

▼ ALWAYS LIST VICTIM (s) FIRST ▼

**#1**   Statement Y N   Can I.D. Y   Name (Last / First / Middle) OR Business Name   ZAIC STEVE
Obtained? Y N   Suspect? Y N

Date of Birth 2-10-64   Social Security #   Race W   Sex M   Ht. 5-7   Wt. 192   Hair BLO   Eyes HAZ   Work Schdl. (Hrs / Days Off)   Business / School

Residence Address: (Number & Street) 8625 HIGHLAND VIEW   Bldg./Apt.# City LV   State NV   Zip Code 89145   Res. Phone: 243-8025
Bus. Phone: 277-1779

(Local) Address: (Number & Street)   Bldg./Apt.# City   State Zip Code   Occupation RETIRED   ☐ Tourist: Depart Date

**#2**   Statement Y N   Can I.D. Y   Name (Last / First / Middle) OR Business Name   PERROTTE, ALICE G.
Obtained? Y N   Suspect? Y N

Date of Birth 2-3-57   Social Security #   Race B   Sex F   Ht. 5-2   Wt. 160   Hair BRO   Eyes BRO   Work Schdl. (Hrs / Days Off) VARIED   Business / School MOUNTAIN VIEW

Residence Address: (Number & Street)   Bldg./Apt.# City   State Zip Code   Res. Phone:
Bus. Phone: 255-5001

Bus. (Local) Address: (Number & Street) 3100 N TENAYA   Bldg./Apt.# City LV   State NV   Zip Code 89128   Occupation RN   ☐ Tourist: Depart Date

**#**  ☐ Suspect ☐ Victim   Year   Make   Model   Value

| DESCRIPTION | | | |
|---|---|---|---|
| 1 2-door | 5 Golf Cart | 12 Off-Road | 18 Trailer |
| 2 4-door | 7 Hatchback | 13 Pickup | 19 Utility Truck |
| 3 Bicycle | 8 Mini Trk/Camper | 14 P/up w/Camper | 20 Van/Mini Van |
| 4 Convertible | 9 Mini Trk/Utility | 15 RV | 99 Other (describe) |
| 5 Dirt Bike | 10 Moped | 16 Snowmobile | |
| | 11 Motorcycle | 17 Station Wagon | |

License #   State   LIC Type   Mo./Yr.

VIN #

| FEATURES | | | |
|---|---|---|---|
| 4 Ft-Bumper | 20 4-Wheel Drive | 34 Extra Antenna | 43 Door Panels Gone |
| 5 R-Bumper | 21 Sunroof | 35 Primer | 44 Broken Windows |
| 12 Bucket Seats | 22 Special Tires | 36 Rust | 45 Loud Muffler |
| 13 Bench Seats | 23 Special Rims | 37 Decorative Paint | 48 Trailer Hitch/Towbar |
| 15 T-Top | 26 Roll Bar | 38 Metallic Paint | 49 Damage to Front |
| 16 Vinyl Top | 28 Spotlights | 39 Painted Inscription | 50 Damage to Rear |
| 17 Hubcaps | 29 Level Altered | 40 Sticker on Body | 51 Damage to Side |
| | 31 Tinted Windows | 41 Sticker on Window | |

COLOR 1 (top)   COLOR 2 (bottom)   COLOR 3 (middle)

| | | | |
|---|---|---|---|
| Unknown | 7 Bronze | 13 Lt. Green | 19 Purple | 25 Yellow |
| 1 Beige | 8 Brown | 14 Green | 20 Red | 26 Primer/Rust |
| 3 Black | 9 Copper | 15 Dk. Green | 21 Silver | 27 Primer/Gray |
| 4 Lt. Blue | 10 Cream | 16 Maroon | 22 Tan | 28 Chrome |
| 5 Blue | 11 Gold | 17 Orange | 23 Turquoise | 29 Lavender |
| 6 Dk. Blue | 12 Gray | 18 Pink | 24 White | 30 Multi |
| | | | | 99 Other |

Lost/Stolen Plates Missing   # of Plates   ☐ Front ☐ Rear   Where is Other Plate?   WVS   P # / Date / Time

Vehicle used in Commission of Crimes?   ☐ YES ☐ NO   Event #'s

☐ Registered:   Owner's Name (Last, First, Middle) or Firm Name
☐ Legal:
Address: (Number & Street)   Bldg./Apt.# City   State Zip Code

Date of Birth   Social Security #   Res. Phone:   Bus. Phone:

▼ S = Stolen   D = Damaged   L = Lost   E = Stolen, but Retained by Security   Property Listing Complete? Y N U

| Pers. # | SOLE Status | UCR Code* | Make or Brand / Model | Color(s) | Caliber Size | Barrel Length | S=Ser.# O=OAN M=Misc | Serial Number / OAN | Qty. | Description (Include other Marks of I.D.) | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | S | F | LG | SILVER | | | S | | 1 | CELL PHONE | $100 |

* UCR CODE CATEGORIES:
A Cash/Notes/Casino Chips/etc.
B Jewelry & Precious Metals
C Clothing & Furs
E Office Equip. (incl. Computers)
F TVs/Stereos/Cameras/VCRs/Phones
G Firearms (NOT Ammo or Scopes)
H Household Goods/Appliances
I Consumable Goods (incl. Drugs)
J Livestock (NOT Domestic)
K Miscellaneous (Bicycles/Auto Parts/ Badges/etc.)

MVH00001

MVH00002

Page _1_ of _2_

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT**
**VOLUNTARY STATEMENT**

Event # 080307-2400

### THIS PORTION TO BE COMPLETED BY OFFICER

Specific Crime: LARCENY FROM PERSON

Location of Occurrence: 3600 NO. TENAYA WY LV, NV 8918 (ICU)

Date Occurred: 3/7/08
Time Occurred: 3:50
Sector/Beat: 116
☒ City  ☐ County

Your Name (Last / First / Middle): ZAIC STEVE FRANK

Date of Birth: 2/16/64
Social Security #: ___

Race: W  Sex: M  Height: 6-01  Weight: 192  Hair: BRN  Eyes: HAZ
Work Schdl. (Hours): RETIRED  (Days Off): ___
Business / School: ___

Residence Address: (Number & Street) 3625 HIGHLAND VIEW AVE  Bldg./Apt.#: ___  City: LV  State: NV  Zip Code: 89145
Res. Phone: 243-8025
Bus. Phone: 277-1779 (CEL)

Bus. (Local) Address: (Number & Street) ___  Bldg./Apt.#: ___  City: ___  State: ___  Zip Code: ___
Occupation: ___
Depart Date (if visitor): ___

Best place to contact you during the day: RESIDENCE
Best time to contact you during the day: ANY
Can You Identify the Suspect? ☒ Yes  ☐ No

DETAILS: ON 3/7/08 BETWEEN 3:15 PM AND 3:45 PM MY SISTER JOYCE ZAIC, AND I WERE VISITING WITH OUR DAD, FRANK ZAIC, WHO IS IN ICU ROOM 208. OUR DAD IS RESTING/WAITING TO HAVE BY-PASS SURGERY.

I USED MY CELL PHONE SEVERAL TIMES WHILE IN THE ROOM WITH MY DAD. AFTER USING MY PHONE I RETURNED IT TO THE R.T. SIDE POCKET OF MY CARPENTER PANTS, THIS POCKET IS VERY BAGGY.

AT ABOUT 3:45 PM JOYCE AND I LEFT ROOM 208. AT WHICH TIME I STOPPED TO TALK TO DAD'S ASSIGNED RN, ALICE. JOYCE CONTINUED TO WALK BY, WHICH WAS VERY UNUSUAL BECAUSE SHE WOULD ALWAYS STOP TO LISTEN IN.

AT ABOUT 3:50, I REACHED DOWN FOR MY CELL PHONE AND NOTICED IT WAS MISSING. ALICE STATED THAT WHEN JOYCE WALKED BY SHE HAD A SILVER CELL PHONE IN HER HAND WHICH WAS IDENTICLE TO THE ONE I HAVE.

I HAVE READ THIS STATEMENT AND I AFFIRM TO THE TRUTH AND ACCURACY OF THE FACTS CONTAINED HEREIN. THIS STATEMENT WAS COMPLETED AT (LOCATION) 3600 NO. TENAYA LV, NV 89128 IN THE _7_ DAY OF _MARCH_ AT _5:45_ (AM / PM)

Witness/Officer: _____ (SIGNATURE)
Witness/Officer: D. SALGADO (PRINTED)  P# 8464

SIGNATURE OF PERSON GIVING STATEMENT

LVMPD 85 (REV. 5-00)

MVH00003

**VOLUNTARY STATEMENT CONTINUATION**

Page 2 of 2                                   Event #: _____

ALICE ALSO STATED THAT SHE WAS TOLD BY JOYCE THAT SHE DOESN'T HAVE A CELL PHONE AND THIS WAS THE FIRST TIME SHE SAW HER WITH A CELL PHONE.

I SUBSEQUENTLY CALLED MY CELL NUMBER 277-1279 AND JOYCE ANSWERED. I ASKED JOYCE TO BRING BACK MY CELL PHONE, SHE STATED BY YELLING THAT SHE WAS GOING TO DESTROY IT BECAUSE I WAS TRYING TO GET POWER OF ATTORNEY FOR MY DAD TO GET HIS MEDICAL RECORDS AND TO MAKE MEDICAL DECISIONS FOR HIM. I TOLD HER THAT I DON'T HAVE POWER OF ATTORNEY AND DAD WAS MAKING ALL HIS OWN DECISIONS. SHE STATED BY YELLING THAT SHE WAS NOT GOING TO RETURN THE PHONE AND WAS GOING TO DESTROY IT.

I EXPLAINED TO HER THAT MY CELL PHONE HAS ALL MY CONTACTS IN IT FOR MY TWO BUSINESS(ES) AND IT WAS EXTREMELY IMPORTANT TO ME TO GET MY PHONE BACK. SHE REFUSED TO BRING IT BACK.

I TOLD HER THAT IF SHE DIDN'T BRING IT BACK I WAS GOING TO CALL THE POLICE. SHE STATED SHE WAS GOING TO CALL THE POLICE TOO.

I THEN CALLED LVMPD AND FILED A REPORT FOR LARCENY FROM PERSON. JOYCE WAS LSW LIGHT COLORED TOP, JEANS, AND WHITE OPEN TOE SHOES.

Witness: _____ 84641

MVH00004

Page **4** of **4**

## LAS VEGAS METROPOLITAN POLICE DEPARTMENT
## INCIDENT REPORT

Event # **080307-2400**

### SEE COLOR LIST ON P.1A
**CLOTHING COLOR**

| | Headwear | |
| --- | --- | --- |
| | Coat | |
| **18** | Shirt | |
| **4** | Pants | |
| | Shorts | |
| | Skirt | |
| **24** | Shoes | |

**BUILD**
- (1) 1 Thin
- 2 2 Medium
- 3 3 Heavy
- 4 4 Muscular

**HANDEDNESS**
- 1 1 Left
- (2) 2 Right

**HAIR LENGTH**
- 1 1 Over Ears
- 2 2 Short
- 3 3 Bald/Shaved
- 4 4 Balding
- 5 5 Varied Length
- 6 6 Shoulder Length
- 99 99 Other

**HAIR STYLE**
- 1 1 Afro
- 2 2 Curly
- 3 3 Jerri Curls
- 4 4 Straight
- 5 5 Braided
- 6 6 Thin
- 7 7 Ponytail
- 8 8 Flat Top
- 9 9 Shaved Design
- 99 99 Other

**FACIAL HAIR**
- 1 1 Clean Shaven
- 2 2 Unshaven
- 3 3 Full Beard
- 4 4 Goatee
- 5 5 Moustache
- 6 6 Sideburns
- 99 99 Other

**SPEECH MANNER**
- 1 1 Not Heard
- (2) 2 Not Unusual
- 3 3 Apologetic
- 4 4 Articulate
- 5 5 Lisp
- 6 6 Bad Grammar
- 7 7 Polite
- 8 8 Profane/Abusive
- 99 99 Other

**SPEECH CHARACTERISTICS**
- 1 1 Accent
- 2 2 Stutter
- 3 3 Lisp
- 4 4 Slurred
- 5 5 Loud
- 6 6 Soft
- 7 7 Slow
- 8 8 Rapid
- (9) 9 Not Unusual
- 99 99 Other

**APPEARANCE**
- 1 1 Stocking Mask
- 2 2 Ski Mask
- 3 3 Bandana Mask
- 4 4 Costume Mask
- 5 5 Facial Disguise
- 6 6 Ragged/Transient
- 7 7 Business Clothes
- (8) 8 Casual Clothes
- 9 9 Uniform
- 10 10 Coat/Jacket
- 11 11 Dressed as Opp. Sex
- 12 12 Distinctive Jewelry
- 99 99 Other

**TEETH**
- (1) 1 Normal
- 2 2 Missing/Gaps
- 3 3 Protrude/Overbite
- 4 4 Decayed
- 5 5 Crooked
- 6 6 Broken
- 7 7 Gold Design/Cap
- 8 8 Silver Design/Cap
- 9 9 Braces
- 99 99 Other

**EYES**
- (1) 1 Normal
- 2 2 Crossed
- 3 3 Small
- 4 4 Large
- 5 5 Afflicted Eye
- 6 6 Glasses
- 7 7 Contact Lenses
- 8 8 Different Colors
- 99 99 Other

**COMPLEXION**
- (1) 1 Fair
- 2 2 Medium
- 3 3 Dark
- 4 4 Suntanned
- 5 5 Acne
- 6 6 Pock Marks
- 7 7 Freckled
- 99 99 Other

**INJURY/CONDITION**
- (1) 1 None Observed
- 2 2 Cast
- 3 3 Crutches
- 4 4 Cane
- 5 5 Limping
- 6 6 Bandages
- 7 7 Bleeding/Blood Stains
- 8 8 Appeared Sick
- 9 9 Appeared Intoxicated/UICS
- 99 99 Other

**TATTOOS** (describe in narrative)
- 1 1 Name
- 2 2 Initials
- 3 3 Words
- 4 4 Picture
- 5 5 Number/s
- 6 6 Symbol/s

**SCARS / MARKS / TATTOOS & INJURIES** (Location Identifiers)
S = Scar   M = Mark
T = Tattoo   I = Injury
- 1 1 None Observed
- 2 2 Head
- 3 3 Left Cheek
- 4 4 Right Cheek
- 5 5 Chin
- 6 6 Forehead
- 7 7 Lip
- 8 8 Nose
- 9 9 Left Ear
- 10 10 Right Ear
- 11 11 Eyebrow/Eyes
- 12 12 Neck
- 13 13 Left Upper Arm
- 14 14 Right Upper Arm
- 15 15 Left Forearm
- 16 16 Right Forearm
- 17 17 Left Hand
- 18 18 Right Hand
- 19 19 Finger(s)
- 20 20 Chest
- 21 21 Back
- 22 22 Left Leg
- 23 23 Right Leg
- 99 99 Other

**PRIMARY MEANS OF ATTACK**
- 1 1 Handgun
- 2 2 Shotgun
- 3 3 Rifle
- 4 4 Simulated Gun
- 5 5 Unknown Gun
- (6) 6 Strongarm
- 7 7 Threats
- 8 8 Drugs/Poison
- 9 9 Knife
- 10 10 Explosives
- 11 11 Vehicle
- 12 12 Club/Tire Iron
- 13 13 Blunt Object
- 14 14 Fire/Incendiary Devices
- 99 99 Other

**WEAPON FEATURES**
- 1 1 Chrome/Nickel/Stainless
- 2 2 Blue Steel
- 3 3 Distinctive Grips
- 4 4 Automatic
- 5 5 Revolver
- 6 6 Large Frame
- 7 7 Small Frame
- 8 8 Short Barrel
- 9 9 Long Barrel
- 10 10 Double Barrel
- 11 11 Over/Under
- 12 12 Sawed Off
- 13 13 Bolt Action
- 14 14 Lever Action
- 15 15 Pump Action
- 99 99 Other ____ (Make/Model/etc.)

*SUSPECT DESCRIPTION*

---

### LIST THE PERSON MISSING IN THE SPACE PROVIDED BELOW

| CHECK ONE | ☐ Voluntary  ☐ Involuntary  ☐ Unknown | Missing Before? Y | Last Seen by Whom? | | Last Seen with Whom? |
| --- | --- | --- | --- | --- | --- |
| CHECK ONE | ☐ Abducted by Stranger  ☐ Voluntary ☐ Abducted by Parent  ☐ Cause Unknown | Where Last Seen? | | Date | Time | Probable Destination |

How Long at Present Address? | Previous Address (Number & Street) | Bldg./Apt.# City | State | Zip Code | Place of Birth

Last Seen Wearing | Description of Jewelry | Scars, Tattoos, Teeth Info.etc.

| Blood Type | Fingerprints Available? Y N | Footprints Available? Y N | Body X-Rays? F P N | Dental Records? Y N | Corrected Vision? Y N | Circumcision? Y N N/A | Photo Attached? Y N |

Cust. Parent / Lgl. Guardian (if juv.) – Relative (if adult) | Relationship | ☐ Natural ☐ Step | Medical Info (medicines used, etc.)

Address (Number & Street) | Bldg./Apt.# City / State / Zip | Res. Phone: | Work Schdl. (Hrs / Days Off)

Parent / Legal Guardian (if juvenile) – Relative (if adult) | Relationship | Bus. Phone: | Address (Number & Street) | Bldg./Apt.# City / State / Zip

*MISSING PERSON*

---

Year | Make | Brand (model) | Hull Identification # (HIN) | State Registration # | State / Year Reg.

**VESSEL TYPE**
☐ Runabout  ☐ Canoe
☐ Cruiser  ☐ Houtel
☐ Jet Ski  ☐ Other

**HULL MATERIAL**
☐ Wood  ☐ Rubber
☐ Metal  ☐ Other
☐ Fiberglass

**TYPE PROPULSION**
☐ Outboard  ☐ In/Out
☐ Inboard  ☐ Sail
☐ Oars/Pad  ☐ Jet

Boat Length | Boat Color Primary / Secondary | Engine Make & Model | H.P.

Engine Serial # | Propulsion Serial # | Value | Marks of Identification

### TRAILER INFORMATION

Year | Trailer Brand | Trailer License # | State | Year | Style | Trailer Length | # of Axles | Trailer Color | Primary | Secondary

Trailer VIN # | | Value | Marks of Identification

*BOAT & TRAILER*

LVMPD 602-B (REV. 9-87)

MVH00005

Page _____ of _1_

## LAS VEGAS METROPOLITAN POLICE DEPARTMENT
## VOLUNTARY STATEMENT

Event # 080307-2400

**THIS PORTION TO BE COMPLETED BY OFFICER**

Specific Crime: LARCENY FROM PERSON

Location of Occurrence: 3100 N TENAY

Date Occurred: 3-7-08

Time Occurred: 1575

Sector/Beat: V6

☒ City ☐ County

Your Name (Last / First / Middle): PERROTTE  Alice  G.

Date of Birth: 2/3/57    Social Security #:

Race: Chinese    Sex: F    Height: 5'3    Weight: 160    Hair: Brown    Eyes: Brown    Work Schd. (Hours): 7am - 7pm    (Days Off): varies    Business / School:

Residence Address: (Number & Street) 300 North Tenya    Bldg./Apt.# City: Mountain View Hosp    State: LV NV    Zip Code: 89128    Res. Phone: 255-5002    Bus. Phone:

Bus. (Local) Address: (Number & Street)    Bldg./Apt.# City    State    Zip Code    Occupation    Depart Date (if visitor):

Best place to contact you during the day: Mountain View Hosp.

Best time to contact you during the day: 7am - 7pm

Can You Identify the Suspect? ☒ Yes ☐ No

DETAILS: Saw sister Joyce Zaic with Steve Zaic phone cell in her hand when They left Their Dads Room 208 I was told by Joyce Zaic She does not Have a Cell Phone (Cell Phone Silver seen in Right hand of Joyce Zaic when she was leaving the unit)

I HAVE READ THIS STATEMENT AND I AFFIRM TO THE TRUTH AND ACCURACY OF THE FACTS CONTAINED HEREIN. THIS STATEMENT WAS COMPLETED AT (LOCATION) Mountain View Hosp 208 2 ON THE 7 DAY OF March AT 5.30 (AM / PM).

Witness/Officer: _____ (SIGNATURE)

Witness/Officer: D. SALGADO (PRINTED)    P# 8464

SIGNATURE OF PERSON GIVING STATEMENT: Alice G. Perrotte

LVMPD 88 (REV. 5-00)

# EXHIBIT C

# EXHIBIT C

# EXHIBIT D

# EXHIBIT D

For:
        Wed Mar 12, 2008 11:19 am            From: CHRISTOPHER SIMMS
                                              Taken by: CHRISTOPHER SIMMS ()
Subject: Visitor Joyce Ziac in room #229

Visitor Joyce Ziac in room #229


   We are again haveing problems with a visitor Joyce Ziac in ICU #3 room #229. Helen Vos
and myself have come up with a temporary solution to this. Joyce will only be allowed in
the hospital at 10:00am and 2:00pm for 5 minutes to visit her father. ICU nurses will
call when she arrives and we will go stand by. If for any reason she begins to display
hostility towards staff or does not stick to the 5 minute visitation, she will be
trespassed and not be allowed in the hospital. This has been explained to Joyce. If you
have any other problems such as she refuses to leave after being told to, Call Metro and
have her trespassed.


        Thanks Chris
-------------------------------------------------------------------------------
SENT TO: #G.SECURITY

MVH00033

# EXHIBIT E

# EXHIBIT E

# EXHIBIT F

# EXHIBIT F

```
RUN DATE: 08/14/08            Mountainview Hosp  Quality Mgmt *LIVE*                    PAGE 1
RUN TIME: 0738                  Risk Management Report - Non-Patient
RUN USER: GPT.KSK
```

**EVENT DESCRIPTION**
Trespass
**GENERAL LOC** G.ICU3      **NOTIF No.** 2008-12827    **NOTIF TYPE** OTHER NP      **EVENT DT** 03/17/08

---

### Demographic/Event Information

**SITE**        COCMO        MOUNTAINVIEW HOSPITAL            **COID** 32819
**ENTITY TYPE** HOSPITAL     HOSPITAL                        **NOTIF No.** 2008-12827
**FACILITY**    COCMO        Mountainview Hospital
**ADDRESS**     3100 N.Teyna                      **CITY** Las Vegas,                    **STATE** Nv
                                                  **ZIP** 89128      **PHONE** (702)255-5000

        **EVENT CODE**  OT103        ALTERCATION
                        OT999        OTHER ISSUE
**IF OTHER EVENT CODE, EXPLAIN**
Trespass

---

──────────────────**PERSON AFFECTED**──────────────────
**PATIENT**                       **UNIT #**           **ACCT #**
**NAME** Ziac, Joyce              **STREET** 4116 Rubdioux Dr.
**HOME PH#** (702)655-0397
**WORK PH#** (999)999-9999                **CITY** Las Vegas           **STATE** NV  **ZIP** 89108
**NON-EMPLOYEE CATEGORY** VISITOR     VISITOR

---

**DESCRIPTION OF EVENT**
Trespass

**EVENT DATE** 03/17/08    **TIME** 1450    **SHIFT** DAY        DAY 7A-330P

**EVENT LOCATION**                        **EXACT LOCATION**
G.ICU3      INTENSIVE CARE 3              Room #229
**LOCATION COMMENTS**
Also in Main Lobby and West parking lot
**WAS A MEDICAL DEVICE INVOLVED?** N

---

### Description of Event/Comments

**OBJECTIVE DESCRIPTION OF EVENT**

 On Monday March 17 2008 at 1450 hours I, Chris Simms, was contacted via telephone that
visitor Joyce Zaic was causing a disturbance inside the unit yelling and screaming at the
nurseing staff. I advised Security Officer Maurice Daveu to respond to the location. On my
arrival nursing staff told me that Maurice had already walked Zaic out of the Unit and was
heading towards the elevator. When I arrived at the front elevators Zaic and Maurice

---

### RM CHANGE NOTIF TYPE

MVH00028

# EXHIBIT G

# EXHIBIT G

For:
      Tue Mar 18, 2008 7:32 am           From: CHRISTOPHER SIMMS
                                Taken by: CHRISTOPHER SIMMS ()
Subject: FYI

FYI

  Joyce Zaic the visitor that has been causing us so many problems has been formally trespassed from the property by Metro Police. Zaic is no longer allowed in the hospital. In the desk drawer on the right hand side is the original trespass card. If Zaic happens to show up do not confront her and call Metro and give the event number on the card to the dispatcher. If you have any questions contact me.

  Thanks Chris
-----------------------------------------------------------------------
SENT TO: #G.SECURITY

MVH00034

# EXHIBIT H

# EXHIBIT H

Electronically Filed
05/11/2010 11:22:55 AM

*[signature]*

CLERK OF THE COURT

1   **ACOM**
CAL J. POTTER, III, ESQ.
2   Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
3   Nevada Bar No. 9255
POTTER LAW OFFICES
4   1125 Shadow Lane
Las Vegas, Nevada  89102
5   Ph:   (702) 385-1954
Fax: (702) 385-9081
6   *Attorneys for Plaintiff*

7                          **DISTRICT COURT**

8                      **CLARK COUNTY, NEVADA**

9   JOYCE ZAIC,                            )   CASE NO.:    A-10-312353
                                           )
10              Plaintiff,                 )   DEPT. NO.:   XXIV
                                           )
11        v.                               )
                                           )
12   LAS VEGAS METROPOLITAN POLICE         )
     DEPARTMENT a political subdivision of )
13   the STATE OF NEVADA; DANIELLE         )
     PIEPER, individually; B. EAGER, P#6189, )
14   individually and in his official capacity as a )
     police officer; T. FREDERICK, P#9793, )
15   individually and in his official capacity as a )
     police officer; SUNRISE              )
16   MOUNTAINVIEW HOSPITAL, INC.;          )
     NEAL, security guard for MOUNTAIN     )
17   VIEW HOSPITAL; CHRISTOPHER            )
     SIMMS, security guard for MOUNTAIN    )
18   VIEW HOSPITAL; JOHN DOES I through    )
     X, and ROE CORPORATIONS I through X,  )
19   inclusive;                            )
                                           )
20              Defendants.                )
                                           )
21   _____  )

22                     **AMENDED COMPLAINT**

23        COMES NOW plaintiff, JOYCE ZAIC, by and through her attorneys of record, CAL J.

24   POTTER, III, ESQ. and JOHN C. FUNK, ESQ., of the law firm of POTTER LAW OFFICES, and

25   for her causes of action against each of the defendants, alleges as follows:

26   ///

27   ///

28   ///

                                           1

**PARTIES**

1.      At all relevant times mentioned herein, plaintiff JOYCE ZAIC, was and is a resident of Clark County in the State of Nevada.

2.      Defendant, SUNRISE MOUNTAINVIEW HOSPITAL, INC. (MountainView), is a corporation and at all times herein relevant was, a hospital pursuant to NRS 449, located at 3100 North Tenaya Way, conducting business in the County of Clark, City of Las Vegas, State of Nevada whose agents, servants and employees were working and acting within the course of said employment and agency relationship pursuant to Respondeat Superior.

3.      Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "LVMPD"), is a political entity formed and operated pursuant to the Nevada Revised Statutes and at all times relevant herein, employed defendant Police Officers B. EAGER, T. FREDERICK and JOHN DOE I.

4.      Defendant, DANIELLE PIEPER, is being sued in her individual capacity as a resident of Clark County, Nevada.

5.      Defendant Police Officers, EAGER, FREDERICK AND JOHN DOE I, are and were at all times relevant to this Complaint, citizens of the United States of America, and residents of the State of Nevada.  They are sued in both their official capacities as police officers with the LVMPD as well as in their individual capacities.

6.      At all times relevant herein, and in all actions described herein, defendant police Officers EAGER, FREDERICK AND JOHN DOE I were acting under the color of law and under color of authority as police offices of the LVMPD.

7.      Defendant NEAL, last name currently unknown, is and at all times relevant to this Complaint a security guard for MountainView and was a resident of Clark County, Nevada and was the agent, servant and employee of MountainView and was working and acting within the course of said employment and agency relationship pursuant to respondeat superior.

///

///

///

2

8.     Defendant CHRISTOPHER SIMMS, is and at all times relevant to this Complaint a security guard for MountainView and was a resident of Clark County, Nevada and was the agent, servant and employee of MountainView and was working and acting within the course of said employment and agency relationship pursuant to respondeat superior.

9.     Defendant JOHN DOE II, is and at all times relevant to this Complaint a security guard for MountainView and was a resident of Clark County, Nevada and was the agent, servant and employee of MountainView and was working and acting within the course of said employment and agency relationship pursuant to Respondeat Superior.

10.    Defendant JOHN DOES III through X, are employees, nurses, medical staff and administrative staff members at MountainView and have knowledge of the facts and circumstances set forth in the Complaint herein below.

11.    That the true names and capacities, whether individual, corporate, associate or otherwise of the defendants herein designated as JOHN DOES I through X, and ROE CORPORATIONS I through X, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff alleges that each named defendant herein designated as ROE or DOE is negligently, wilfully, contractually or otherwise legally responsible for the events and happenings herein referred to, and proximately cause injury and damages thereby to plaintiff, as herein alleged. Plaintiff will ask leave of the court to amend this Complaint to insert the true names and capacities of such defendants when same have been ascertained and will further ask leave to join said defendants in these proceedings.

12.    Plaintiff is informed and believes and, based upon such information and belief, alleges that each of the defendants herein designated as JOHN DOES I through X, and ROE CORPORATIONS I through X, inclusive is, in some manner, negligently, wilfully, contractually or otherwise responsible for the events, happenings, occurrences and injuries sustained by Plaintiff as alleged herein. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virotek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of defendants designated as JOHN DOES I through X, and ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support or

3

1   execution of the wrongful acts upon which this litigation is premised, or of similar actions directed

2   against plaintiff about which she is presently unaware which includes but is not limited to the

3   maintenance, installation, repairs and placement of a wood curtain rod and curtains inside of

4   plaintiff's rented room.  As the specific identities of these parties are revealed through the course

5   of discovery, the DOE appellation will be replaced to identify these parties by their true names and

6   capacities. Reference herein to "defendant" shall mean "defendants, and each of them."

7          13.     At all times herein mentioned, all of the defendants were the agents, servants and

8   employees of each and every other defendant and were working and acting within the course of said

9   employment and agency pursuant to respondeat superior.

10                        **FACTS COMMON TO ALL CAUSES OF ACTION**

11          14.     That on or about March 21, 2008, at approximately 8:00 p.m., the plaintiff was

12   legally and lawfully upon the premises of MountainView hospital located at 3100 North Tenaya

13   Way, Las Vegas, Nevada, visiting her father Frank Zaic, deceased, who was unconscious and in

14   critical condition in the Intensive Care Unit (ICU).

15          15.     That during this time there was a standing medical order in place, and a note on the

16   door of Frank Zaic's, deceased, ICU unit 3, that stated only family members of Frank Zaic,

17   deceased, were allowed to enter the unit to visit and see Frank Zaic, deceased in the ICU;

18          16.     On the above date and time while plaintiff was under extreme emotional distress

19   over her father's critical condition defendant DANIELLE PIEPER (PIEPER), who is not a family

20   member or related to Frank Zaic, deceased,  or related to any members of the Zaic family, entered

21   the ICU unit with plaintiff's brother Steven Zaic, a retired LVMPD officer, at which time the

22   plaintiff advised defendant PIEPER of the standing order that only family members could be present

23   in the ICU with Frank Zaic, deceased, who was in critical condition.

24          17.     Plaintiff asked defendant PIEPER to immediately leave the ICU room and informed

25   her that only family members were allowed but defendant PIEPER refused to leave or comply with

26   the instruction.

27   ///

28   ///

4

18.    That Defendant PIEPER, reasonably knew of the critical condition of Frank Zaic, deceased, and when plaintiff again asked Defendant PIEPER to leave the ICU room PIEPER refused and smirked/smiled at plaintiff.

19.    Defendant repeatedly stated to PIEPER to leave and plaintiff raised her voice which prompted plaintiff's brother to grab plaintiff and an altercation to develope between plaintiff and her brother at which time plaintiff's brother placed plaintiff face down on the ground and hold her there until hospital staff arrived and pulled plaintiff's brother off of him.

20.    Plaintiff was in shock and was emotionally distraught and upset over not only her father's condition but the actions of PIEPER failing to obey the instructions to leave that plaintiff proceeded to gather her items to leave MountainView.  As plaintiff was walking to the elevator MountainView security officers NEAL and CHRISTOPHER SIMMS and JOHN DOE II, who had previously harassed and handcuffed plaintiff, on a prior occasion, followed closely behind plaintiff to the elevator and began banging their handcuffs in their hands causing plaintiff to fear for her safety based upon the harassing conduct and the prior occurrence.

21.    Plaintiff feared for her safety in being in the elevator alone with the defendant security officers based upon their prior harassment so she proceeded back to her father's ICU room.

22.    The defendant security officers followed plaintiff back to her room and prevented plaintiff from leaving. At approximately 8:19 p.m. on March 21, 2008, plaintiff called 911 to report the defendant security officers were harassing her and would not let her leave her father's ICU unit. Plaintiff requested an officer be dispatched to assist her and escort her to her vehicle.

23.    That prior to this encounter plaintiff was allowed to be on the defendants' property and was allowed to be by the side of her ailing and fragile father.

24.    That defendant JOHN DOE III, a female, whom is alleged to be a staff member and/or employee of defendant MountainView, and one of the security officers also called 911 and reported plaintiff was trespassing.

///

///

///

5

25.   LVMPD Officers B. EAGER, P#6189 and T. FREDERICK, P#9793 arrived at MountainView and made contact with plaintiff and did not interview her or conduct an investigation but immediately gave plaintiff a trespass card and escorted her outside where plaintiff was instructed to wait.

26.   The defendant officers met with defendant PIEPER and gave PIEPER paperwork in order to do a citizen arrest on plaintiff.

27.   That plaintiff was arrested and taken into custody and was transported and placed into the Clark County Detention Center where she was released approximately 17 hours later.

28.   After being released from the detention center plaintiff attempted to contact MountainView hospital to find out the status of her fathers condition as she was afraid if she went to the hospital she would be arrested.

29.   Plaintiff was not informed that her father had died on March 23, 2008 as the MountainView staff refused to provide her with any information even though she was identified as the next of kin on her father's medical records.

30.   Plaintiff was charged criminally for allegations set forth by defendant PIEPER. The criminal case against plaintiff was dismissed.

## FIRST CAUSE OF ACTION:

### VIOLATION OF CIVIL RIGHTS

31.   The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 30 of her Complaint as though fully set forth herein.

32.   The defendant police officers had no warrant or probable cause for the arrest of the plaintiff and had no legal cause or excuse to seize the person of the plaintiff.

33.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

34.   As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries.

a.      Violation of her constitutional rights under the Fourth and Fourteenth Amendments of the United State Constitution to be free from an unreasonable search and seizure of his person;

b. Loss of physical liberty;

c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for defense of the case and suffered emotional distress.

35.      The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

a.      Freedom from the unreasonable seizure of his person; and

b.      Freedom from the use of excessive, unreasonable and unjustified force against her person.

36.      The actions of defendant officers B. EAGER, P#6189, T. FREDERICK, P#9793 where taken pursuant to a de facto policy of defendant LVMPD which is implemented by police officers of the said Department to summarily punish persons in an unlawful manner without corroborating information and without rightful authority of law and by the use of excessive force.

37.      The existence of this de facto policy described above has been known to supervisory and policy-making officers and officials of defendant LVMPD for a substantial period of time.

38.      Despite their knowledge of LVMPD'S illegal policy and practices, LVMPD'S supervisory officers and policy making officers and officials, as a matter of policy, have not taken steps to determine the said practices, have not disciplined or otherwise properly supervised the individual officers who engaged in the said practices described above.

39.      That by reason of the aforesaid actions, the plaintiff was arrested, incarcerated and charged with Battery. As a result, plaintiff sustained severe emotional, psychological and physical injuries, mental pain and suffering and emotional distress, all of which said conditions maybe permanent or disabling in nature.

40.      As a direct and proximate result of Defendants' unlawful conduct, Plaintiff experienced damages, for which she is entitled to recover, including emotional distress,  medical expenses, pain and suffering and is entitled to reasonable costs including but not limited to attorney

7

1     fees, all in excess of TEN THOUSAND DOLLARS ($10,000).

2         41.     These acts and others committed by the defendants deprived plaintiff of rights

3 secured to them, and each of them, by the Fourth and Fourteenth Amendments to the United States

4 constitution and were committed by each of the knowingly, willfully, and maliciously with the

5 intent to harm injure, vex, harass, and oppress the Plaintiffs. As a result, Plaintiffs seek punitive and

6 exemplary damages from the individual Defendants, and each of them, in an amount in excess of

7 TEN THOUSAND DOLLARS ($10,000).

8 **SECOND CAUSE OF ACTION:**

9 **ASSAULT AND BATTERY**

10         42.     The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

11 allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

12         43.     At all times material and relevant herein, defendants B. EAGER, P#6189, T.

13 FREDERICK, P#9793 were sworn officers of defendant LVMPD.

14         44.     The aforementioned actions of defendants against plaintiff were unreasonable and

15 without justification or excuse and constituted battery by placing plaintiff under arrest and

16 unlawfully handcuffing her against her will when defendants had not observed plaintiff engaged in

17 any criminal conduct.

18         45.     At all time material and relevant herein defendant security officers were employed

19 by defendant MountainView, acting in the course and scope of their employment, and engaged in

20 conduct that threatened and caused plaintiff to fear she would be arrested or suffer physical harm

21 and/or injury by intimidating plaintiff and threatening to use handcuffs .

22         46.     As a direct and proximate result of defendants' unlawful conduct, plaintiff

23 experienced damages and is entitled to compensation for her emotional distress, medical expenses,

24 pain and suffering, and other related costs including but not limited to attorney fees, in excess of

25 TEN THOUSAND DOLLARS ($10,000).

26 ///

27 ///

28 ///

8

47.    That the acts, conduct and behavior of defendant officers and defendant security officers as individuals were performed knowingly, intentionally, oppressively and maliciously by reason of which plaintiff is entitled to punitive damages in a sum in excess of TEN THOUSAND DOLLARS ($10,000).

<u>**THIRD CAUSE OF ACTION:**</u>

**NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

48.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.    At all times material and relevant herein, defendant officers were acting within the scope and their authority as agents and officers of defendant LVMPD.

50.    At all times material and relevant herein, defendant security officers, nurses, administrative and nursing staff were acting within the scope and their authority as agents and employees of defendant MountainView.

51.    At all times material and relevant herein, defendant PIEPER was acting in concert with defendants.

52.    By their acts and omissions, defendants and each of them, intentionally inflicted emotional distress on plaintiff. These acts and omissions, which were calculated to unlawfully have the plaintiff falsely imprisoned, arrested, incarcerated and prosecuted included but were not limited to the following:

a.    The acts performed by the defendant security officers and nursing staff to confine, attempt to arrest, arrest and harass on at least two prior occasions.   As a result, plaintiff was deprived of her liberty, and was subjected to scorn, ridicule, and humiliation by those knowing of their respective detentions all to plaintiff's damages in causing unnecessary emotional distress.

b.    Defendant officer's intentional acts of failing to corroborate the aforementioned accusations and conspiring with defendants to complete and fill out a Declaration for Citizen Arrest. As result, Plaintiff was deprived of their liberty, and were subjected to scorn, ridicule, and humiliation by those knowing of their respective detention all to plaintiff's damages in causing unnecessary emotional distress.

9

c.    Defendant PIEPER whose intentional acts were intended to harass, humiliate, ridicule and scorn plaintiff by having her arrested and engaging in conduct to prosecute plaintiff for a criminal act knowing that there was insufficient evidence to prove the elements of the criminal charge but moving forward with the prosecution in a vindictive and vexatious manner requiring plaintiff to incur legal fees to defend against the action which was dismissed causing plaintiff unnecessary emotional distress.

53.    As a direct and proximate cause of the conduct of the defendants and each of them the plaintiffs suffered and will continue to suffer, severe emotional distress.

54.    Plaintiff has received counseling and medical attention as a result of defendants deliberate, malicious and willful conduct in falsely imprisoning her, arresting her, violating her civil rights, and in their negligent conduct.

55.    As a direct and proximate result of defendants' unlawful conduct, plaintiff experienced damages and is entitled to compensation for her emotional distress, medical expenses, pain and suffering, and other related costs including but not limited to attorney fees, in excess of TEN THOUSAND DOLLARS ($10,000).

56.    The conduct of the defendants and each of them individually and in concert with one another as herein alleged was willful, intentional, oppressive, fraudulent, malicious and done in a wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of punitive damages in excess of TEN THOUSAND DOLLARS ($10,000).

### FOURTH CAUSE OF ACTION:

### CIVIL CONSPIRACY

57.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.    At all times material and relevant herein, defendant officers were acting within the scope of their authority as agents and officers of defendant LVMPD. Defendant security officers, nurses, administrative staff were acting within the scope of their authority as agents and employees of defendant MountainView.

59.    That beginning at a time not later than March 21, 2008, defendant PIEPER,

10

1  defendant security officers and staff of MountainView hospital and defendant officers and others

2  combined, conspired, confederated, and agreed together and with each other to knowingly and

3  willfully engage in the following acts, among others to cause harm to plaintiff:

4      a.    To violate Plaintiff's civil rights;

5      b.    to cause plaintiff to be harassed and arrested;

6      c.    to cause, or have plan to have caused, battery to plaintiff; and

7      d.    to intentionally inflict emotional distress on Plaintiff and have her prosecuted

8          criminally.

9      60.    That defendants' conduct was the proximate cause of the plaintiff's suffering and

10  damages.

11      61.    That as a result of defendants' conspiracy plaintiff suffered severe emotional pain

12  and suffering in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

13      62.    That Defendant's actions were deliberate, wilful and done with malice. The Plaintiffs

14  and each of them is therefore entitled to punitive damages in an amount to be proven at trial.

15      63.    As a direct and proximate result of defendants' unlawful conduct, plaintiff

16  experienced damages and is entitled to compensation for her emotional distress, medical expenses,

17  pain and suffering, and other related costs including but not limited to attorney fees, in excess of

18  TEN THOUSAND DOLLARS ($10,000).

19      64.    The conduct of the defendants and each of them individually and in concert with one

20  another as herein alleged was willful, intentional, oppressive, fraudulent, malicious and done in a

21  wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of punitive

22  damages in excess of TEN THOUSAND DOLLARS ($10,000).

23                  **FIFTH CAUSE OF ACTION:**

24                  **RESPONDEAT SUPERIOR**

25      65.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the

26  allegations contained in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

27      66.    That defendant LVMPD is liable for the tortious acts of defendant police Officers

28  EAGER, FREDERICK AND JOHN DOE I under the theory of Respondeat Superior.

67.     That defendant MountainView is liable for the tortious acts of defendant MountainView security officers NEAL and CHRISTOPHER SIMMS and JOHN DOE II, and defendant nursing staff, administrative employees and agents of MountainView hospital under the theory of Respondeat Superior.

68.     That defendant STATE OF NEVADA is liable for the tortious acts of defendant PIEPER committed in her official capacity as a deputy district attorney in their malicious prosecution of plaintiff.

69.     As a direct and proximate result of defendants' unlawful conduct, plaintiff experienced damages and is entitled to compensation for her emotional distress, medical expenses, pain and suffering, and other related costs including but not limited to attorney fees, in excess of TEN THOUSAND DOLLARS ($10,000).

## SIXTH CAUSE OF ACTION:

## NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION

70.     The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71.     The LVMPD has a duty to protect civilians.

72.     That defendant LVMPD breached this duty by:

a.      Tolerating the practice or policy of its officers' use of unreasonable and unnecessary excessive force against citizens as manifested by its failure to discipline police officers who use excessive force and commit batteries when making unlawful arrests;

b.      covering up incidents in which excessive forces, unlawful arrests, batteries are used unnecessarily;

c.      failing to properly screen applicants who apply to become police officers in the department; and

d.      failing to provide adequate training of its police officers.

73.     That MountainView hospital provides care for patients and part of that care provides for standing orders on visitation rights of patients and family members and that these rights are protected.

74.    That defendant MountainView breached this duty by:

a.    Failing to screen visitors to plaintiff's father's ICU unit, failing to prevent defendant PIEPER from entering the ICU unit when there were orders posted on the door and in the plaintiff's father's medical charts forbidding anyone but family members to visit with the plaintiff's father;

b.    Hiring and retaining security officers and staff and failing to properly train or discipline them on false imprisonment, harassment, wrongful arrest, trespass and engaging in general conduct that is meant to harass and be vexatious;

c.    failing to properly screen applicants who apply to become security officers at the hospital; and

d.    failing to provide adequate training to staff members and security officers.

75.    As a direct and proximate result of Defendants unlawful conduct, Plaintiffs experienced damages and are entitled to compensation for their pain and suffering, emotional distress and other related costs including but not limited to attorney fees, in excess of TEN THOUSAND DOLLARS ($10,000).

## SEVENTH CAUSE OF ACTION:

### UNLAWFUL ARREST AND FALSE IMPRISONMENT

76.    The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.    Defendants at all times herein mentioned were the agents and employees of their respective codefendants and in doing these things hereinafter alleged were acting within the course and scope of the agency and with the permission and consent of their codefendants.

78.    On or about March 21, 2008, MountainView defendants forced plaintiff into her father's ICU unit, where plaintiff was forced to call 911 to assist her for a period of approximately 10-15 minutes and prohibited her from leaving until the police defendants arrived who seized plaintiff forcibly, against plaintiff's will, and without her consent and over her protest.

///

///

///

13

79.     Immediately prior to the acts of the defendants herein alleged, plaintiff had been on the premises, upon which defendants had knowledge, and she was peacefully walking to the elevator at MountainView hospital in Clark County Nevada. Plaintiff had not committed any crime against defendant or anyone else, and defendant knew of plaintiff's innocence.

80.     Despite having this knowledge MountainView and their employees made non verbal threatening gestures to place plaintiff under arrest, by stalking plaintiff and by imprisoning plaintiff in the ICU unit where plaintiff's ailing father was in critical condition defendants acted with deliberate malice and reckless disregard where plaintiff was held against her will.

81.     MountainView defendants also placed a call to 911 and falsely reported that plaintiff was trespassing even though they were aware and had knowledge that she was on the premises and did not attempt to contact the police prior to the altercation between plaintiff and plaintiff's brother.

82.     That defendant security officers and defendant PIEPER contacted LVMPD in order to attempt to arrest plaintiff and when the defendant officers from the LVMPD arrived at MountainView they seized and arrested plaintiff and detained plaintiff and restrained her against her will and over her protest, without any warrant of arrest or any process of any kind and without any justification or cause to believe that plaintiff had committed any crime.

83.     After defendant had seized and arrested plaintiff as herein alleged, defendants caused plaintiff to be taken into custody and compelled to enter the police car and to be taken to jail and imprisoned against her will for a period of approximately 17 hours.

84.     That defendants personally swore to and caused to be filed in Municipal Court of the City of Las Vegas, County of Clark, State of Nevada, a criminal complaint and made a part hereof, against plaintiff, charging plaintiff with a violation of battery against defendant PIEPER. The complaint, as sworn to and filed by the defendant, was wholly false. In fact, plaintiff had committed no misdemeanor and no misdemeanor had actually been committed at all.

85.     Defendant in causing the arrest and imprisonment of plaintiff as herein alleged, acted with deliberate malice and oppression and without probable cause.

///

//

14

86.     As a proximate result of the acts of defendants herein alleged, plaintiff was compelled to secure the services of an attorney at law to appear for arraignment and trial in the City of Las Vegas, and by virtue thereof, plaintiff is indebted and liable for attorneys fees.

87.     As a proximate result of the acts of defendants, and each of them, plaintiff was injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, and among others sustained severe emotional distress, all of which injuries have caused plaintiff to suffer extreme and severe physical pain and mental anguish. These injuries will likely result in some permanent disability to plaintiff all to her general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

88.     As a direct and proximate result of defendants' unlawful conduct, plaintiff experienced damages and is entitled to compensation for her emotional distress, medical expenses, pain and suffering, and other related costs including but not limited to attorney fees, in excess of TEN THOUSAND DOLLARS ($10,000).

89.     The conduct of the defendants and each of them individually and in concert with one another as herein alleged was willful, wanton, intentional, oppressive, fraudulent, malicious and done in a wanton and reckless disregard of plaintiff's rights and thereby warrant the imposition of punitive damages in excess of TEN THOUSAND DOLLARS ($10,000).

## EIGHTH CAUSE OF ACTION:

### MALICIOUS PROSECUTION

90.     The plaintiff reaffirms, re-alleges and incorporates herein by reference, the allegations contained in Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

91.     On or about April 17, 2008 in Clark County Nevada the defendants caused to be filed a criminal complaint with the Las Vegas Municipal Court, Case number C0714069A, through deputy district attorney Martin G. Orsinelli. The complaint accused plaintiff of the crime of battery a misdemeanor. Plaintiff was arrested on March 21, 2008, detained in custody, charged by information with committing that crime and the matter proceeded to trial.

92.     Defendants acted without probable cause in initiating the prosecution of plaintiff in that they did not honestly, reasonably, and in good faith believe plaintiff to be guilty of the crime

1   charge because defendant PIEPER did not see plaintiff hit or strike her and the altercation in the

2   room was between plaintiff and her brother.

3        93.    Defendant PIEPER and defendant officers acted with malice in instigating the

4   criminal prosecution against plaintiff with an improper motive to annoy, harass and wrong plaintiff.

5        94.    As a proximate result of the criminal prosecution initiated by defendants, plaintiff

6   has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000).

7        95.    As a further proximate result of the criminal prosecution so initiated by defendants,

8   plaintiff incurred costs and attorneys fees in an amount in excess of FIVE THOUSAND DOLLARS

9   ($5,000) in defending against the prosecution.

10       96.    Defendants' acts were willful, wanton, malicious, and oppressive in that defendant

11  PIEPER became upset with plaintiff for ordering defendant out of the plaintiff's father's room and

12  defendant ignoring the requests and smirking/smiling at plaintiff, knowing the critical condition of

13  plaintiff's father and observing her emotional distressed condition as a result of his condition and

14  PIEPER being present in the room,  in defiance of the order to leave the room as ordered by the

15  medical providers and as posted on the ICU unit room of plaintiff's father's door.

16       97.    That defendants conspired to falsely charge and accuse plaintiff of battery and to

17  maliciously prosecute plaintiff despite knowing that defendant Clark County and defendant PIEPER

18  would not be able to prove all of the elements of the criminal charge at the time of trial.

19       98.    That defendants were unable to prove all of the elements at the time of trial and the

20  criminal case against plaintiff was dismissed.

21       99.    That defendants conducting in prosecuting this case amounts to malicious

22  prosecution.

23       100.    As a proximate result of the acts of defendants, and each of them, plaintiff was

24  injured in her health, strength, and activity, sustaining injury to her body and shock and injury to

25  her nervous system and person, and among others sustained severe emotional distress, all of which

26  injuries have caused plaintiff to suffer extreme and severe physical pain and mental anguish.  These

27  injuries will likely result in some permanent disability to plaintiff all to her general damages in an

28  amount in excess of TEN THOUSAND DOLLARS ($10,000).

1    101.   As a direct and proximate result of defendants' unlawful conduct, plaintiff

2  experienced damages and is entitled to compensation for her emotional distress, medical expenses,

3  pain and suffering, and other related costs including but not limited to attorney fees, in excess of

4  TEN THOUSAND DOLLARS ($10,000).

5                                   **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff, reserving her right to amend this Complaint at the time of

7  trial, demands judgment against Defendants, and each of them, jointly and severally as follows:

8  AS TO THE FIRST CAUSE OF ACTION:

9      1.    That defendants, be found liable for violating plaintiff's civil rights.

10     2.    That plaintiff be awarded compensatory and general damages in excess of TEN

11  THOUSAND DOLLARS ($10,000);

12     3.    That defendants actions were done deliberately, wilfully and maliciously and

13  therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against

14  defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

15     4.    For attorney's fees and costs;

16     5.    For prejudgment interest; and

17     6.    For such other and further relief as the Court deems just and proper in this matter.

18  AS TO THE SECOND CAUSE OF ACTION:

19     7.    That defendants, be found liable to plaintiff for Assault and Battery.

20     8.    That plaintiff be awarded compensatory and general damages in excess of TEN

21  THOUSAND DOLLARS ($10,000);

22     9.    That defendants actions were done deliberately, wilfully and maliciously and

23  therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against

24  defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

25     10.   For attorney's fees and costs;

26     11.   For prejudgment interest; and

27     12.   For such other and further relief as the Court deems just and proper in this matter.

28  AS TO THE THIRD CAUSE OF ACTION:

13.     That defendants be found liable to plaintiff for Negligent and Intentional Infliction of Emotional Distress;

14.     That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

15.     That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

16.     For attorney's fees and costs;

17.     For prejudgment interest; and

18.     For such other and further relief as the Court deems just and proper in this matter.

AS TO THE FOURTH CAUSE OF ACTION:

19.     That Defendants be found liable to Plaintiffs for **CIVIL CONSPIRACY**;

20.     That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

21.     That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

22.     For attorney's fees and costs;

23.     For prejudgment interest; and

24.     For such other and further relief as the Court deems just and proper in this matter.

AS TO THE FIFTH CAUSE OF ACTION:

25.     That Defendant MountainView, Clark County and LVMPD be found liable to plaintiff for Respondent Superior, for the acts of their agents, employees, officers who were acting within the course and scope of their employment with their respective codefendant;

26.     That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

///

///

18

27.    That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

28.    For attorney's fees and costs;

29.    For prejudgment interest; and

30.    For such other and further relief as the Court deems just and proper in this matter.

AS TO THE SIXTH CAUSE OF ACTION:

31.    That defendants be found liable to plaintiff for Negligence, Negligent Hiring, Training and Supervision;

32.    That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

33.    That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

34.    For attorney's fees and costs;

35.    For prejudgment interest; and

36.    For such other and further relief as the Court deems just and proper in this matter.

AS TO THE SEVENTH CAUSE OF ACTION:

37.    That defendants be found liable to plaintiff for unlawful arrest and false imprisonment;

38.    That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

39.    That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

40.    For attorney's fees and costs;

41.    For prejudgment interest; and

///

42.   For such other and further relief as the Court deems just and proper in this matter.

AS TO THE EIGHTH CAUSE OF ACTION:

43.   That defendants be found personally liable for the malicious prosecution of plaintiff.

44.   That plaintiff be awarded compensatory and general damages in excess of TEN THOUSAND DOLLARS ($10,000);

45.   That defendants actions were done deliberately, wilfully and maliciously and therefore, plaintiff is entitled to punitive damages in an amount to be proven at trial against defendants, and defendants individually in excess of TEN THOUSAND DOLLARS ($10,000).

46.   For attorney's fees and costs;

47.   For prejudgment interest; and

48.   For such other and further relief as the Court deems just and proper in this matter.

DATED this ___ day of May, 2010.

POTTER LAW OFFICES

By _____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
1125 Shadow Lane
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

20