UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOYCE ZAIC,

        Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DANIELLE PIEPER, SUNRISE MOUNTAIN VIEW HOSPITAL, INC., CHRISTOPHER SIMMS, NEAL MILLOT, B. EAGER, and T. FREDERICK,

        Defendants.

2:10-CV-01814-PMP-GWF

ORDER

Presently before the Court is Defendants' Motion to Dismiss and for Partial Summary Judgment (Doc. #9), filed on November 18, 2010. Plaintiff filed an Opposition (Doc. #18) on January 10, 2011. Defendants filed a Reply (Doc. #20) on January 20, 2011.

**I. BACKGROUND**

This case arises out of an incident that occurred on March 21, 2008 at the premises of Defendant Sunrise Mountain View Hospital, Inc. ("Mountain View"). (Pet. for Removal (Doc. #1), Ex. B. ("Compl.") at 4.) On that date, Plaintiff Joyce Zaic was visiting her father, Frank Zaic ("Frank"), who was a patient in Mountain View's intensive care unit. (Id.) Frank was in critical condition, and a standing medical order directed that only members of Frank's family were allowed into Frank's room. (Id.)

On March 21, 2008, Plaintiff was in Frank's room when her brother, Steven Zaic ("Steven") entered with his girlfriend, Defendant Danielle Pieper ("Pieper"). (Id.) Plaintiff

requested Pieper leave the room, as she was not a family member. (Id.)  Pieper did not comply, and when Plaintiff raised her voice at Pieper, Steven grabbed Plaintiff and placed her face down on the ground until hospital staff arrived to pull Steven off of Plaintiff. (Id. at 5.)

Plaintiff gathered her belongings and headed towards the elevator to leave Mountain View. (Id.)  Mountain View security officers, Defendants Neal Millot ("Millot"), Christopher Simms ("Simms"), and an unidentified third officer, followed closely behind Plaintiff and began banging their handcuffs against their hands. (Id.)  Plaintiff previously had been involved in an incident with Mountain View security officers during which she was handcuffed, and thus she began to fear for her safety. (Id.)  Plaintiff went back to her father's room rather than enter the elevator with the security officers. (Id.)

The security officers followed Plaintiff back to her father's room and prevented her from leaving. (Id.)  Plaintiff called 911 to report the officers were harassing her and would not let her leave. (Id.)  A Mountain View nurse and one of the security officers also called 911 and reported Plaintiff was trespassing. (Id.)

Defendant Las Vegas Metropolitan Police Officers B. Eager ("Eager") and T. Frederick ("Frederick") responded to the calls. (Id. at 6.)  The officers gave Plaintiff a trespass card and escorted her outside. (Id.)  The officers met with Pieper and gave Pieper paperwork to effect a citizen's arrest on Plaintiff. (Id.)

Plaintiff was arrested and placed into the Clark County Detention Center. (Id.) She was released approximately seventeen hours later. (Id.)  Plaintiff was charged criminally based on Pieper's allegations, but the criminal case against Plaintiff was dismissed. (Id.)

Plaintiff thereafter brought this suit against Defendants Mountain View and its two security officers, Simms and Millot; Defendant Las Vegas Metropolitan Police Department and its two officers, Eager and Frederick; and Pieper.  Plaintiff asserts claims

for violation of civil rights, assault and battery, intentional and negligent infliction of emotional distress, civil conspiracy, respondeat superior, negligence and negligent hiring, training and supervision, unlawful arrest and imprisonment, and malicious prosecution.

Defendants Mountain View, Millot, and Simms now move to dismiss and for partial summary judgment on Plaintiff's claims for malicious prosecution, false imprisonment, and battery. Defendants argue that none of them initiated the criminal proceedings, and thus they cannot be liable for malicious prosecution. Defendants also contend that because there was probable cause to arrest Plaintiff for trespassing, the security officers lawfully could detain Plaintiff until police officers arrived. As the battery claim, Defendants argue that Plaintiff does not allege any of the security officers ever touched her.

Plaintiff responds by clarifying that her malicious prosecution claim is directed at Defendant Pieper only. As to false imprisonment, however, Plaintiff contends there is no evidence she was ever read a trespass card at Mountain View, and in fact the available evidence suggests she was not. Plaintiff contends she was permitted to be at Mountain View on the date in question, she did nothing wrong, yet was detained after her brother attacked her. As to the battery claim, Plaintiff requests leave to amend to clarify that the security officers made physical contact with her, including placing her in handcuffs prior to the police officers' arrival. Plaintiff also seeks to amend to add a Defendant, Maurice Daveu, as the previously unidentified third Mountain View security officer.

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). There is a

strong presumption against dismissing an action for failure to state a claim. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

### A. Malicious Prosecution

Plaintiff clarifies she is not asserting a malicious prosecution claim against Defendants Mountain View, Millot, or Simms. The Court therefore will deny as moot Defendants' motion to dismiss or alternatively for summary judgment as to this claim.

### B. False Imprisonment

Under Nevada law, to establish a false imprisonment claim, the plaintiff must show she was "restrained of [her] liberty under the probable imminence of force without any legal cause or justification." Garton v. City of Reno, 720 P.2d 1227, 1228 (Nev. 1986) (quotation omitted); Lerner Shops of Nev., Inc. v. Marin, 423 P.2d 398, 400 (Nev. 1967).

1  The plaintiff need not establish lack of probable cause in her case in chief. Garton, 720
2  P.2d at 1229 n.1.  Rather, justification for the detention, such as probable cause to effect an
3  arrest, is an affirmative defense. Marschall v. City of Carson, 464 P.2d 494, 497 (Nev.
4  1970).  Probable cause would exist where the plaintiff is trespassing and refuses to leave the
5  defendant's premises upon request. Bonamy v. Zenoff, 362 P.2d 445, 446-47 (Nev. 1961).
6       As an initial matter, the Court will not consider on summary judgment any of the
7  exhibits Defendants attach to their motion.  The exhibits are unauthenticated and hearsay.
8  Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773, 778 (9th Cir. 2002).  The Court also will
9  not consider the exhibits on dismissal, as none are attached to the Complaint, subject to
10 judicial notice, incorporated by reference in the Complaint, or documents upon which
11 Plaintiff's claims depend. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); United
12 States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).
13      Plaintiff alleges she was permitted to be at the hospital visiting her father, and
14 Plaintiff denies she ever previously had been read a trespass card.  Plaintiff alleges she did
15 nothing wrong on the date in question, and in fact was the victim of an assault by her
16 brother.  Plaintiff alleges several of the hospital's nurses observed this assault and had to
17 pull Plaintiff's brother off of her.  Plaintiff contends there was no basis for the security
18 officers to refuse to let her leave her father's hospital room until police officers arrived.
19 Plaintiff has stated a false imprisonment claim.
20      Even if the Court considered Defendants' exhibits, a genuine issue of material
21 fact would remain as to this claim.  Defendants present evidence that Plaintiff was involved
22 in several incidents at the hospital leading up to a purported reading of a trespass card to
23 Plaintiff three days prior to this incident.  However, in her interrogatories signed under
24 penalty of perjury, Plaintiff denies she was read a trespass card three days prior to the
25 incident in question.  (Pl.'s Resp. & Opp'n to Defs.' Mot. to Dismiss & for Partial Summ. J.
26 (Doc. #18), Ex. 1 at 9.)  Plaintiff further avers she was allowed back into the hospital the

1  next day. (Id. at 17.)  Plaintiff was present in the hospital prior to her brother arriving, and
2  there is no evidence anyone at the hospital called the police or otherwise told Plaintiff to
3  leave because she was trespassing.  Defendants present no evidence Plaintiff was arrested
4  for trespassing on the date in question, even though Defendants contend she was read the
5  trespass card three days prior.
6        Defendants also assert that even if Plaintiff had not been read the trespass card
7  before, she was trespassing the day of the incident because, given the commotion, the
8  hospital could request her to leave.  However, Defendants present no evidence that they
9  asked her to leave and that she refused to comply with their request.  According to Plaintiff
10  in her interrogatory responses, it was the police officers who informed her that the hospital
11  did not want her on the property, after the alleged detention by the security guards already
12  had occurred.  (Id. at 3-4.)  The Court therefore will deny Defendants' motion as to this
13  claim.
14        **C.  Battery**
15        Under Nevada law, battery is "any willful and unlawful use of force or violence
16  upon the person of another."  Nev. Rev. Stat. § 200.400(a); see also Wright v. Starr, 179 P.
17  877, 879 (Nev. 1919) (defining battery as "[a]ny unlawful beating, or other wrongful
18  physical violence or constraint, inflicted on a human being without his consent").
19  Plaintiff's Complaint as presently pled does not allege Defendants Simms or Millot ever
20  touched her.  Plaintiff's battery claim therefore is subject to dismissal.  However, Plaintiff
21  seeks leave to amend.
22        Generally, a plaintiff may amend his or her complaint once "as a matter of
23  course" within twenty-one days after serving it, or twenty-one days after service of a
24  responsive pleading or motion.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may
25  amend its pleading only by leave of court or by written consent of the adverse party.  Fed.
26  R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.; see

also Foman v. Davis, 371 U.S. 178, 182 (1962) ( "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The Court considers five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

The Court will grant Plaintiff's request for amendment. There is no suggestion of bad faith, undue delay, or prejudice to Defendants. Plaintiff has not previously amended her Complaint. Defendants contend amendment would be futile, but Plaintiff asserts she will be able to allege facts that Defendants handcuffed her prior to the police officers arriving. Additionally, Plaintiff seeks to add a Defendant now that the identity of the third Mountain View security officer has been revealed. The Court therefore will grant Plaintiff leave to amend.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and for Partial Summary Judgment (Doc. #9) is hereby GRANTED in part and DENIED in part. The motion is granted with respect to Plaintiff's battery claim against Defendants Sunrise Mountain View Hospital, Inc., Christopher Simms, and Neal Millot.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint within thirty (30) days from the date of this Order.

DATED: March 2, 2011

_____
PHILIP M. PRO
United States District Judge