UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| JOYCE ZAIC, <br><br> Plaintiff, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DANIELLE PIEPER, SUNRISE MOUNTAIN VIEW HOSPITAL, INC., CHRISTOPHER SIMMS, NEAL MILLOT, B. EAGER, and T. FREDERICK, <br><br> Defendants. | 2:10-CV-01814-PMP-GWF <br><br> ORDER |

Presently before the Court is Defendants Las Vegas Metropolitan Police Department, Officer Eager and Officer Frederick's Motion for Partial Summary Judgment (Doc. #21), filed on January 26, 2011. Plaintiff Joyce Zaic filed an Opposition (Doc. #22) on February 17, 2011. Defendants filed a Reply (Doc. #23) on February 28, 2011.

**I. BACKGROUND**

This case arises out of an incident that occurred on March 21, 2008 at the premises of Defendant Sunrise Mountain View Hospital, Inc. ("Mountain View"). (Pet. for Removal (Doc. #1), Ex. B. ("Compl.") at 4.) On that date, Plaintiff Joyce Zaic was visiting her father, Frank Zaic ("Frank"), who was a patient in Mountain View's intensive care unit. (Id.) Frank was in critical condition, and a standing medical order directed that only members of Frank's family were allowed into Frank's room. (Id.)

1   On March 21, 2008, Plaintiff was in Frank's room when her brother, Steven Zaic
2   ("Steven") entered with his girlfriend, Defendant Danielle Pieper ("Pieper"). (Id.) Plaintiff
3   requested Pieper leave the room, as she was not a family member. (Id.) Pieper did not
4   comply, and when Plaintiff raised her voice at Pieper, Steven grabbed Plaintiff and placed
5   her face down on the ground until hospital staff arrived to pull Steven off of Plaintiff. (Id.
6   at 5.)
7   Plaintiff gathered her belongings and headed towards the elevator to leave
8   Mountain View. (Id.) Mountain View security officers, Defendants Neal Millot ("Millot"),
9   Christopher Simms ("Simms"), and an unidentified third officer, followed closely behind
10  Plaintiff and began banging their handcuffs against their hands. (Id.) Plaintiff previously
11  had been involved in an incident with Mountain View security officers during which she
12  was handcuffed, and thus she began to fear for her safety. (Id.) Plaintiff went back to her
13  father's room rather than enter the elevator with the security officers. (Id.)
14  The security officers followed Plaintiff back to her father's room and prevented
15  her from leaving. (Id.) Plaintiff called 911 to report the officers were harassing her and
16  would not let her leave. (Id.) A Mountain View nurse and one of the security officers also
17  called 911 and reported Plaintiff was trespassing. (Id.)
18  Defendant Las Vegas Metropolitan Police Officers B. Eager ("Eager") and T.
19  Frederick ("Frederick") responded to the calls. (Id. at 6.) The officers gave Plaintiff a
20  trespass card and escorted her outside. (Id.) The officers met with Pieper and gave Pieper
21  paperwork to effect a citizen's arrest on Plaintiff. (Id.)
22  Plaintiff was arrested and placed into the Clark County Detention Center. (Id.)
23  She was released approximately seventeen hours later. (Id.) Plaintiff was charged
24  criminally based on Pieper's allegations, but the criminal case against Plaintiff was
25  dismissed. (Id.)
26  ///

Plaintiff thereafter brought this suit against Defendants Mountain View and its two security officers, Simms and Millot; Defendant Las Vegas Metropolitan Police Department ("LVMPD") and its two officers, Eager and Frederick; and Pieper.  Plaintiff asserts claims for violation of civil rights, assault and battery, intentional and negligent infliction of emotional distress, civil conspiracy, respondeat superior, negligence and negligent hiring, training and supervision, unlawful arrest and imprisonment, and malicious prosecution.

Defendants LVMPD, Eager, and Frederick move for partial summary judgment.  Defendants argue they are entitled to summary judgment on Plaintiff's state law claims because Plaintiff failed to notify Defendants of her claim within two years of their accrual as required under Nevada Revised Statutes § 41.036(2).  Defendants contend Plaintiff's claims accrued on March 18, 2008, but she did not serve Defendants with the Complaint until April 21, 2010, and did not otherwise advise Defendants of her claims within two years of their accrual.

Plaintiff responds that giving notice under § 41.036(2) is not a condition precedent to filing suit under § 41.031.  Plaintiff also argues that she substantially complied with § 41.036(2) by timely filing and serving her Complaint.  Plaintiff further argues that to the extent § 41.036(2) requires a plaintiff to provide notice within two years, it is an unconstitutional denial of equal protection where a plaintiff's timely filed and served action would suffice in a tort action against a non-governmental defendant.  Plaintiff also contends that Defendants have no established procedure for a claimant to provide such notice.  Finally, Plaintiff argues any limitations period was tolled because she was prohibited from bringing suit against a police officer while criminal charges were pending.

///
///
///

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

Pursuant to Nevada Revised Statutes § 41.031(1), the State of Nevada waives its sovereign immunity and--

> consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations, except as otherwise provided in NRS 41.032 to 41.038, inclusive, 485.318, subsection 3 and any statute which expressly provides for governmental immunity, if the claimant complies with the limitations of NRS 41.010 or the limitations of NRS 41.032 to 41.036, inclusive.

The State of Nevada makes a similar waiver for all political subdivisions of the State, including the requirement that the claimant comply "with the limitations of NRS 41.032 to 41.036, inclusive." Nev. Rev. Stat. § 41.031(1).

Section 41.036(2) in turn requires that "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." The filing of such a claim "is not a condition precedent to bringing an action

pursuant to NRS 41.031."[1]  Id. § 41.036(3).

Plaintiff does not deny that her claims accrued on March 18, 2010, and that she did not file any kind of claim with LVMPD until she served the Complaint on April 21, 2010.  Plaintiff therefore failed to comply with § 41.036(2).

**A. Constitutionality of § 41.036(2)**

Plaintiff argues the two-year requirement in § 41.036(2) is unconstitutional because it violates equal protection by creating an additional requirement for tort victims of governmental negligence which does not exist for tort victims of private negligence. Plaintiff contends this is contrary to the intent behind § 41.031, which waived Nevada's immunity with the intent that the State and its political subdivisions be on equal footing with private tortfeasors.  Defendants respond that the statute survives rational basis review under an equal protection analysis.

Because § 41.036(2) does not burden a fundamental right or target a suspect class, it is subject to rational basis review and "will be upheld 'if the classification drawn by the statute is rationally related to a legitimate state interest.'" Silveira v. Lockyer, 312 F.3d 1052, 1087-88 (9th Cir. 2002), abrogated on other grounds by District of Columbia v. Heller, 554 U.S. 570 (2008), (quoting Schweiker v. Wilson, 450 U.S. 221, 230 (1981)). Under rational review, there must be "some rational connection between the state's objective for its legislative classification and the means by which it classifies its citizens." Id. at 1088; Heller v. Doe, 509 U.S. 312, 320-21 (1993).  The legislature need not actually articulate the supporting rationale, and the record need not contain empirical evidence supporting the classification, so long as the legislative choice is reasonable.  Silveira, 312

---

[1] Plaintiff's argument that filing a claim under § 41.036(2) is not a condition precedent to filing suit under § 41.031 while true, is irrelevant. Defendants do not contend Plaintiff failed to file a claim with LVMPD prior to filing her civil suit. Rather, Defendants argue that regardless of when Plaintiff filed her civil complaint, she failed to notify them of her claims within two years of their accrual.

5

F.3d at 1089; Heller, 509 U.S. at 320.  The challenged statute is presumptively constitutional and the party attacking the statute bears the burden of negating "every conceivable basis which might support it . . . whether or not the basis has a foundation in the record." Heller, 509 U.S. at 320-21 (quotation and internal citation omitted).

Section 41.036(2)'s claims notice provision is constitutional.  Because the State of Nevada could have opted not to allow any suits against itself or its political subdivisions, "the legislature's permission to sue in tort a previously immune sovereign can reasonably be accompanied by such terms and provisions as the legislature wishes to impose upon that right." Johnson v. Maryland State Police, 628 A.2d 162, 166 (Md. 1993) (quotation omitted); see also Rowland v. Washtenaw County Road Comm'n, 731 N.W.2d 41, 51 (Mich. 2007) (stating "common sense counsels that inasmuch as the Legislature is not even required to provide a defective highway exception to governmental immunity, it surely has the authority to allow such suits only upon compliance with rational notice limits").  Section 41.031(1) specifically conditions the right to sue the State or its political subdivisions on the claimant's compliance with § 41.036, and such a condition on the waiver of sovereign immunity is constitutionally permissible.

Moreover, rational bases exist to support the notice requirement, including that the State and its political subdivisions are involved in a "much greater range of activities giving rise to potential tort suits than most private defendants," the time limit "allows the State to predict its potential tort liability more accurately, so that it may enact a more accurate annual budget[,] . . . enables the State to make early decisions on the merits of particular claims, and allows the State to take remedial safety measures more quickly, thereby minimizing the cost of litigation for the taxpayers." Johnson, 628 A.2d at 167; see also Rowland, 731 N.W.2d at 50 (setting forth possible rational bases for claims notice statutes, including "allowing time for creating reserves for the Fund, reducing the uncertainty of the extent of future demands, or even to force the claimant to an early choice

6

regarding how to proceed"); Hansen-Neiderhauser, Inc. v. Nev. State Tax Comm'n, 402 P.2d 480, 482 (Nev. 1965) ("The purpose of the statute requiring the filing of a claim as a predicate to the commencement of suit against a government agency is to enable the agency to investigate the claim and the claimant while the occurrence is recent and the evidence available to the end that it may protect itself against spurious and unjust claims.").

Plaintiff relies on Nevada case law which previously has found Nevada statutes requiring tort claimants to file a claim with the State or its political subdivision within a short time frame as a condition precedent to filing suit violated equal protection. In Turner v. Staggs, the Nevada Supreme Court addressed the constitutionality of two statutory sections which required that a claim against a county must be filed within six months after the cause of action accrued as a condition precedent to filing a civil suit. 510 P.2d 879, 880 (Nev. 1973) (§§ 244.245, 224.250). The Nevada Supreme Court concluded these provisions violated equal protection because:

> The stated object of NRS 41.031 is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tort-feasors. However, the notice provisions of NRS 244.245 and NRS 244.250 have the effect of arbitrarily dividing all tort-feasors into classes of tort-feasors: (1) private tort-feasors to whom no notice of claim is owed and (2) governmental tort-feasors to whom notice is owed.

Id. at 882. Nevada relied upon a decision by the Michigan Supreme Court, Reich v. State Highway Department, which concluded that "'the notice requirement by its operation divides the natural class of negligent tort-feasors'" between government and private tortfeasors, and "'arbitrarily split'" tort plaintiffs "'into two subclasses; victims of governmental negligence who must meet the requirement, and victims of private negligence who are subject to no such requirement.'" Id. (quoting Reich v. State Hwy. Dep't, 194

///

///

7

N.W.2d 700, 702 (Mich. 1972)).[2] Nevada concluded that given the legislature's intention in § 41.031 "to place victims of negligent conduct on equal footing," the notice requirement "arbitrarily bars the victims of governmental tort while the victims of private tort suffer no such bar." Id. at 882-83.

Turner dealt with a different statute which required notice of a claim as a condition precedent to filing suit, and required such notice within six months of accrual. Section 41.036(2) does not require a claimant to give notice as a condition precedent to filing suit, and it gives a claimant two years to notify the State's political subdivision of the claim. This two-year period roughly parallels the statute of limitations for a personal injury tort claim. See Nev. Rev. Stat. § 11.190(4)(e); Schweiker, 450 U.S. at 234 (stating that to survive rational review, a legislature need not act with mathematical precision, and a statute need not have a perfect fit between ends and means). Turner thus is distinguishable from the present action. Moreover, to the extent Turner stands for the proposition that a claims notice requirement like that in § 41.036(2) violates equal protection under the United States Constitution, the Court disagrees for the reasons set forth above.

**B. Substantial Compliance**

Plaintiff next argues that even if § 41.036(2) is constitutional, she substantially complied by timely filing suit and serving Defendants with the Complaint. Defendants respond that time limitations are not subject to a substantial compliance analysis.

Under Nevada law, statutes setting forth explicit time restrictions generally are mandatory, and substantial compliance will not suffice, particularly where the statute does not include a "built-in grace period or safety valve provision." Leven v. Frey, 168 P.3d 712, 717-18 (Nev. 2007); Village League to Save Incline Assets, Inc. v. State ex rel. Bd. of Equalization, 194 P.3d 1254, 1259-60 (Nev. 2008). Plaintiff's failure to meet the explicit

---

[2] Michigan since has reversed course and now holds that claim notice statutes do not violate the equal protection clause. Rowland, 731 N.W.2d at 48.

two-year period set forth in § 41.036(2) therefore is not cured by resort to substantial compliance by serving the Complaint a month after the two-year period expired.

Plaintiff's contention that Defendants have no established procedure for a claimant to provide such notice would support a substantial compliance argument if, for example, Plaintiff actually provided a notice of claim to LVMPD and Defendants thereafter claimed Plaintiff failed to provide notice to the proper person. See Washoe Inv., Inc. v. State, 532 P.2d 265, 266-67 (Nev. 1975) (holding the plaintiff substantially complied with notice requirement where the plaintiff submitted the claim to the relevant agency rather than submitting the claim directly to the Board of Examiners); Kaminski v. Woodbury, 462 P.2d 45, 47-48 (Nev. 1969) (holding that affidavit declaring claim was mailed to ex-officio clerk of the state board of examiners created issue of fact that board of trustees received notice of claim); Rogers v. State, 455 P.2d 172, 173 (Nev. 1969) (holding presentation of claims to a member of the board of examiners substantially complied with notice requirement). However, LVMPD's lack of formal procedures for making such a claim does not relieve a tort plaintiff from satisfying the notice requirement in § 41.036(2) by some means within the two-year period. Plaintiff does not deny she failed to provide notice in any form to LVMPD until she served the Complaint beyond the two-year deadline.

### C. Tolling During Pending Criminal Charges

Finally, Plaintiff contends any limitations period was tolled because she was prohibited from bringing a civil rights action against a police officer while there were pending state criminal charges. Defendants respond that Plaintiff relies upon California law not applicable in Nevada.

Plaintiff relies on Harding v. Galceran to argue that she could not pursue her claims against Defendants while criminal charges were pending. Harding, however, was a civil rights action under federal law, which looked to California state law for the applicable statute of limitations, including the state's tolling provisions. 889 F.2d 906, 907-08 (9th

9

Cir. 1989). California statutorily prohibits filing civil actions against peace officers while criminal charges are pending against the potential plaintiff, and tolls the statute of limitations until the criminal charges are resolved. Id. (citing Cal. Gov't Code § 945.3).

Plaintiff does not direct the Court to any Nevada law that either prohibits a potential plaintiff from filing suit against a peace officer while criminal charges are pending, or that tolls the limitations period until criminal charges against the potential plaintiff are resolved. Further, Plaintiff presents no authority that even if the statute of limitations was tolled, the two-year claims notice requirement in § 41.036(2) likewise would be tolled. Moreover, Plaintiff does not provide any evidence as to when the criminal charges against her were resolved. Consequently, even if this tolling rule applied, Plaintiff presents no evidence raising a genuine issue of fact that Plaintiff's notice of her claims in April 2010 was timely.

Plaintiff has failed to raise a genuine issue of material fact that she complied with § 41.036(2)'s timely notice requirement. The Court therefore will dismiss Plaintiff's state law claims in counts two through eight against Defendants LVMPD, Eager, and Frederick.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Las Vegas Metropolitan Police Department, Officer Eager and Officer Frederick's Motion for Partial Summary Judgment (Doc. #21) is hereby GRANTED. Plaintiff's state law claims in counts two through eight against Defendants Las Vegas Metropolitan Police Department, Officer Eager, and Officer Frederick are hereby dismissed with prejudice.

DATED: March 11, 2011.

_____
PHILIP M. PRO
United States District Judge